In the Matter of the Claim of WALTER MITCHELL, Respondent, against DELHAM CONSTRUCTION CO., INC., et al., Appellants, and PRUDENTIAL INSURANCE CO., Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Employer and its insurance carrier appeal from a decision of the Workmen's Compensation Board awarding claimant compensation for accidental injuries in the nature of subdural hematoma, headaches, confusion and skull fracture. The issue raised is the lack of substantial evidence to support a finding of causal relationship. On Thursday, September 14, 1950, claimant and a companion were at the bottom of a twenty-five foot ditch, receiving steel rods passed down from the street level. The rods, thirty feet long, three-fourths inch in diameter, and weighing about seventy pounds, were "eased" into the ditch over a crossbeam. The slender rods had a tendency to whip. The companion, holding one end of a rod, had started forward. The other end of the rod slipped from the beam and struck claimant. There is no direct evidence to show whether claimant received a direct blow, as by the end of the rod, or was flailed by the whip of the rod. He was not knocked down and had no mark of injury by bruise or bleeding. After a brief intermission, during which claimant rubbed his head, he completed the day's work. He worked all of Friday. While at work after the accident, he was noticeably quiet. Instead of returning to his own home at the end of those days, he went to his mother's home, whence he was taken to Metropolitan Hospital on September 23d. His activities and whereabouts during the intervening period are somewhat obscure, but not wholly unaccounted for. His brother saw him on occasion during that period in the vicinity of the mother's home. He was in a state of confusion and incoherence and was put to bed at his mother's, where his wife found him, unconscious and disheveled, Friday, September 22d. Early the next morning she took him, still unconscious, to the hospital by ambulance. A few days later he was transferred to Bellevue Hospital for psychiatric treatment. There he was found to be psychotic and generally confused. Diagnosis was difficult, but a cranial arteriography disclosed a "typical pattern of subdural hematoma over frontal area." On November 16th the hematoma was evacuated. Marked improvement resulted, though it appears that some time later he suffered convulsions attributed to the trauma. X rays at both hospitals developed evidence of a lineal skull fracture. One, at Bellevue, was read as showing a fracture "extending from the occiput on the right side to the base of the skull at the level of the posterior clinoid process." Another indicated the fracture in the right parietal, as did the X ray at Metropolitan. Preponderant comment in the Bellevue record treated the fracture as in the right parietal bone. On this record measured by "the common-sense viewpoint of the average man" (*Matter of Masse* v. *Robinson Co.*, 301 N. Y. 34, 37), the board could have reached no different result. Claimant suffered an industrial accident. There was no proof of a subsequent injury. Appellants' theory of a further accident which caused the fracture is predicated on medical opinion that the location of the fracture precluded the thought that it was caused by the blow from the rod as described. This view assumes that the blow was definitely localized. When asked where he was struck, claimant merely pointed to his head. In a colloquy between the referee and attorneys,

attempting to interpret the gesture, there is lay language seeming to locate the trauma in the right front part of the head. The assumption takes no account of the possible inability of claimant to specifically place the situs of the blow and no account of the reasonable possibility that he was flailed by a whipping rod so as to distribute the effect of the impact. Substantial evidence supports the board's determination. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Coon, Halpern, Imrie and Zeller, JJ.