■ In the Matter of the Claim of RUTH FIEDLER, Respondent, against GRAND TEXTILE CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from an award of death benefits to the widow of a deceased employee. This is a heart case. Decedent was employed as a shipping clerk at No. 351 Broadway in the city of New York. Among other duties he was required to push handtrucks, which contained quantities of piece goods varying in weight from 150 to 500 pounds, across a city street to another company where the goods were packed into rolls. He was also obliged to bring them back by the same method. On September 22, 1954, he moved a handtruck containing material which weighed between 300 and 350 pounds. This required him on the out trip and the back trip to get the truck and its contents onto the sidewalk on each side of the street. When decedent was returning on this occasion and attempting to get the handtruck and its contents onto the sidewalk in front of the employer's premises he was seen to grasp his chest and collapse on the sidewalk. He died, apparently immediately, from an attack of coronary thrombosis. Decedent had a pre-existing heart condition, complicated by arteriosclerosis, but despite this he had performed his duties steadily over a considerable period of time. That part of the work which had to do with moving handtrucks loaded with weighty material was undoubtedly heavy work which imposed a strain on his heart. There was medical testimony that his work had nothing to do with his death, that he would have died anyway, but there is also medical testimony to the contrary. One physician expressed it this way "when a man lifts 300 pounds and immediately dies, I think that one cannot possibly disassociate activity with the immediate cause of death." There is a quibble over whether decedent actually lifted 300 pounds but whatever method he used to get the handtruck and its load onto the sidewalk he had a heavy load to move. On the whole, the facts revealed do not fit into *Matter of Burris* v. *Lewis* (2 N Y 2d 323). They are more closely akin to the test prescribed in the *Masse* case — the common-sense viewpoint of the average man (*Matter of Masse* v. *Robinson Co.*, 301 N. Y. 34). Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.