■ In the Matter of the Claim of ANTHONY SORACE, Respondent, against GENERAL ELECTRIC COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision and award of the Workmen's Compensation Board. The issue is as to the sufficiency of the evidence to establish an industrial accident. The board found that claimant was "required to exert himself in pushing a loaded cart containing 300 lbs. of electrical equipment to the extent that he sustained accidental injuries in the nature of an exacerbation of back pain radiating to both posterior thighs and a herniated lumbar disc with atrophy of the right thigh and leg". Claimant testified: "I was pushing this cart down the aisle, handling stock, and all of a sudden my back gave up and I reported it to the nurse. Right in here (indicating) — kink right here." Asked if anything unusual happened, he said, "I got a kink in my back — had to stop right there. * * * I couldn't move any more. * * * It happened all of a sudden." He said further, "It snapped like that on me." The only physician who testified said that "the history of accident as given by the claimant" could be a competent producing cause of the condition which he found, and later in his testimony said that one could hurt his back pushing a truck loaded with material. Upon the entire record the board's finding of accident was warranted. The incident described in claimant's testimony and shown by medical proof to have caused herniation seems clearly an event which would be regarded as an accident from "the commonsense viewpoint of the average man." (Matter of Masse v. Robinson Co., 301 N. Y. 34, 37.) It seems equally clear that the board could find that the disc rupture was not to be attributed to exertion no greater than "the ordinary wear and tear of life". (Matter of Burris v. Lewis, 2 N Y 2d 323, 326.) Unusual strain need not be shown when the effort of the usual work is such as to produce an actual rupture of the aorta (Matter of Sawatzki v. Friedman, 4 A D 2d 907, motion for leave to appeal denied 3 N Y 2d 710; Matter of Kayser v. Erie County Highway Dept., 276 App. Div. 789) or, as here, a rupture of an intervertebral disc. That such a "breakage", due to routine exertion, may be found accidental has thus been recognized not only in New York, but, it is said, in the majority of jurisdictions. (1 Larsoen on Workmen's Compensation Law, §§ 38, 20.) Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.