In the Matter of the Claim of FRANK GIOIA, Respondent, against A. J. COURTMEL Co., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 8, 1953.

41

*F. Walter Bliss* and *Earl H. Gallup, Jr.,* for appellants.

*Nathaniel L. Goldstein, Attorney-General* (*Roy Wiedersum* and *Harry Pastor* of counsel), for Workmen's Compensation Board, respondent.

*Harry J. Ruthoser* for claimant-respondent.

FOSTER, P. J. This is a compensation case. Claimant was a brick layer's helper. While carrying a hundred-pound bag of patent plaster, known as " Neat ", across a sidewalk and down three or four steps to a basement he suffered a heart attack described in medical terms as an acute coronary occlusion with myocardial infarction. The Workmen's Compensation Board has found this to have been an industrial accident.

This claim follows the usual pattern in cases of this character, with arguments for and against usual work and unusual strain and effort. The record also contains the now familiar conflict of medical opinion — two physicians testifying to causal connection and three asserting that claimant's work had nothing to do with the attack. Appellants argue that the testimony of claimant's physicians as to causal connection is not substantial. To

adopt that view as a matter of law we would have to say that such testimony is incredible. The character of the medical testimony points up clearly the reason why we cannot, under our limited power of review, take such a position.

The physicians who testified for appellants predicated their opinion upon three propositions: (1) that claimant was used to heavy work; (2) that he had an arteriosclerotic condition which made a coronary attack probable whether he was at work or rest; (3) that the attack was not produced by effort but came about as the result of progressive changes in the anterior wall of a coronary artery. One of the physicians called for claimant admitted that claimant probably had an arteriosclerotic condition, and both he and the other physician called for claimant conceded that a coronary attack might occur while the subject was at rest, but in this case it was their opinion that claimant's exertion at the time brought on the attack. Clearly this conflict of medical opinion is one of substance. Neither opinion is certain nor incredible, and to adopt one and reject the other requires entry into a field of fact with power to weigh and balance testimony, a power we do not possess in compensation cases.

We have adverted to this phase of the case because it is bound up rather closely with the persistent argument that if a workman suffers a heart attack in the course of his usual work it cannot be found an industrial accident. There is some support for this argument in the older cases. As a criterion, however, it has several inherent weaknesses, one of which is that it has to rest upon two alternatives: (1) from a medical viewpoint usual work does not cause a heart attack; (2) or if usual work does cause a heart attack the result cannot be classified as accidental because the work is not unusual. To this semantic snarl there must be added another complication. To apply this catchword test with any semblance of logic the term usual work must envisage identical effort day after day, something that is realistically improbable.

For these reasons, among others, the usual work test has lost most if not all, its former significance and has gradually been discarded by an increasing line of cases ending with *Matter of Masse* v. *Robinson* (301 N. Y. 34). There it was stated (p. 37): " A heart injury such as coronary occlusion or thrombosis when brought on by overexertion or strain in the course of daily work is compensable, though a pre-existing pathology may have been a contributing factor ". More significantly the test of whether an event may be held accidental was stated thus:

"Whether a particular event was an industrial accident is to be determined, not by any legal definition, but by the common-sense viewpoint of the average man". (P. 37.)

It is quite obvious that the test thus stated widens very considerably the ambit of the triers of the facts so far as heart cases are concerned. It affords greater latitude for a consideration of an unforeseen and catastrophic result, rather than narrow emphasis upon cause. No great argument is required to demonstrate that an average man might well regard as accidental a heart attack brought on by heavy work, whether usual or unusual, where the workman had no previous known symptoms or warning. In the common view such an attack would have the two primary elements of an accident. It would be unforeseen and catastrophic. We do not have to go thus far in this case, but the viewpoint is one by no means untenable. If ultimately adopted and the burden upon industry is found intolerable because of it, the remedy is with the Legislature and not with the courts. Our duty in these cases begins and ends in determining whether there is any rational basis, under the test stated, to sustain the determination of the board that there has been an industrial accident. We may discontinue applying this test, only when and if a different legislative policy is announced.

In this case we think there is substantial evidence to sustain the finding of the board that claimant was subjected to unusual strain even though he was doing work to which he had long been accustomed. Under the test stated the fact of usual work is no longer decisive. Strain or unusual effort may be found even though the work, generally considered, is no different than that which the claimant has been doing over some period of time. The element of overexertion or strain is one of fact to be determined, not by any catch phrase, but by the peculiar circumstances of the individual case.

The award should be affirmed, with costs to the Workmen's Compensation Board.

BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Award affirmed, with costs to the Workmen's Compensation Board. [See *post*, p. 677.]