In the Matter of the Claim of JEAN HOCHMAN, on Behalf of Herself and Minor Children, Respondent, against SALABLE COAT COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and carrier from an award of death benefits made by the Workmen's Compensation Board. Decedent died of a heart attack and his death was attributed to a myocardial infarction and arteriosclerotic heart disease. Appellants contend that decedent's death was not the result of an industrial accident, but that it was attributable to natural causes. Decedent was employed as a cutter by a manufacturer of children's coats. His usual employment had been to cut linings which necessitated placing rolls of lining material weighing about 35 pounds on a table and spreading machine in layers, and operating a machine to cut the linings. On January 28, 1952, the other cutters in decedent's department ceased their employment, and decedent was assigned the duty of cutting cloth for coats as well as the linings. There is evidence that the rolls of cloth were about twice as heavy as the rolls of lining, and that the cutting operation on the cloth was more difficult and required more effort and exertion. Decedent continued to do this work from January 28th until the date of his death on February 13, 1952, and the employer's records show that he worked from one hour to one hour and a half overtime each day during this period. Decedent's widow testified that during this period he arrived home much later than usual, and appeared exhausted. On February 13th decedent worked in the morning, had his lunch, and returned to work after lunch. Shortly thereafter he was observed by a coemployee leaning over the cutting table and complaining of pain in his chest. Decedent sought medical attention from a doctor with offices in the same building, but before he could be examined left the doctor's offices and went to a hospital, where he died in the receiving room about 10 minutes after his arrival. There is medical evidence that decedent's death was causally related to the continuing heavier duties and overtime work during the period from January 28th to February 13th. There is adequate evidence to sustain the factual finding of the board that decedent's death was the result of an industrial accident and causally related to his employment. (*Matter of Masse* v. *Robinson Co.*, 301 N. Y. 34; *Matter of Gioia* v. *Courtmel Co.*, 283 App. Div. 40, motion for leave to appeal denied 306 N. Y. 985; *Matter of Commissioner of Taxation & Finance* v. *Treadwell Co.*, 286 App. Div. 906.) Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, J. P., Coon, Halpern, Zeller and Gibson, JJ.