■ In the Matter of the Claim of NATHAN KASS, Respondent, against SIXTH AVENUE DELICATESSEN et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and carrier from a decision and award of the Workmen's Compensation Board. Claimant, aged 64, had been employed for many years as a counterman in a delicatessen store. On Sunday, October 19, 1952, while carrying a case of beer weighing about 35 pounds, he felt a sharp pain in his chest. He rested for a while, but then continued to work that day and the next, though in pain. Tuesday and Wednesday were his days off and those he spent resting. Wednesday evening, while at home, he again felt severe pain and other symptoms of a heart attack. He was hospitalized the next day. His case was diagnosed as coronary thrombosis with myo-

cardial infarction, and he has been completely disabled ever since. Even though it does not appear that the claimant did any different work on Sunday, October 19, 1952, from that which he usually did, the board was justified in finding that the claimant suffered an unusual strain, which constituted an accident within the meaning of the Workmen's Compensation Law (*Matter of Gioia* v. *Courtmel Co.*, 283 App. Div. 40, motion for leave to appeal denied 306 N. Y. 985; *Matter of Borra* v. *Siwanoy Country Club*, 280 App. Div. 960, motion for leave to appeal denied 304 N. Y. 985). This finding of accident is further supported by the fact that he continued to work after he first felt pain (*Matter of Carlin* v. *Colgate Aircraft Corp.*, 276 App. Div. 881, affd. 301 N. Y. 754). On the question of causal relationship, there was the usual conflict in medical testimony. Physicians for the carrier testified that the lifting and carrying of the case of beer could not have caused the pain that day nor the heart attack three days later. The claimant's physician testified that the lifting and carrying precipitated the heart attack. This conflict the board resolved in favor of the claimant and on the record its decision was based upon substantial evidence. Award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Coon, Halpern and Gibson, JJ., concur.