The appellants employer and insurance carrier appeal from a decision of the Workmen’s Compensation Board dated June 19, 1956, which reversed the decision of the referee dated January 30, 1956 disallowing the claim and made findings of accident in the nature of severe acute coronary occlusion, notice and causal relationship, from an award of the referee and an application of the appellants for review. This is what has become commonly known as a “ heart case ”. Claimant was employed on February 19, 1956 as a salesman of Castro Convertibles, Inc., which work consisted primarily of selling convertible beds and in doing so, it was necessary to open and close the same and also to pick up pillows, part of the said equipment, which weighed approximately 20 pounds each. The record discloses that on the above date, he did over 60% of the business which was considerably more than normal and consequently required more lifting on his part. During the day he had pain which he diagnosed as indigestion and took “ Turns ” for relief. On Sunday he did not feel well, ate very little and rested most of the day. On Monday, February 21, he returned to work, not feeling too well, and during the day among other things, helped put a piece of furniture in the basement which he estimated weighed 200-250 pounds and which apparently was unusual work for claimant. (Matter of Gioia v. Courtmel Co., 283 App. Div. 40-42.) On the day of the alleged accident, claimant was supposed to work until 9:00 or 9:30 p.m. About noontime he felt pain in his chest (the same as on Saturday and Sunday) and instead of having lunch, he rested. About 5:30 p.m. he made arrangements with one of the other salesmen and because of the pain, went home. When he arrived at his apartment house he parked his car, having some minor difficulty in parking, left the car, started toward the building when he felt terrifie pain, stood against the side of the building and finally had to be helped by one of his neighbors to his apartment. A doctor was called and his condition was diagnosed as a coronary occlusion. At various hearings considerable issue was made concerning a letter claimant sent to his employer on April 14, 1955, disavowing any claim for workmen’s compensation. Claimant’s explanation that at the time he wrote the letter he knew nothing about compensation, what constituted an accident and various other requirements sounds logical and was accepted by the board. It was one of the many facts accepted in claimant’s favor in establishing accident, causal relationship and notice. Dr. Lawrence Kamer filed a report with the board on July 13, 1955 advising the claimant suffered a coronary occlusion, in which he stated that disability resulted from an accident having to do with the “ opening and closing castros ”. When testifying for claimant on November 21, 1955 in answer to a hypothetical question he testified the opening and closing of the convertibles in his employment could have played a part in the development of a coronary occlusion. Dr. Sigmund Dreiblatt, a cardiologist, was requested by Dr. Kamer to examine claimant and did so at the Park-Chester Hospital on February 22, 1955. In a letter of June 11, 1955 he stated he made no inquiry concerning the heart attack but that the parking of said automobile on February 21 could have precipitated an attack if there had been any undue exertion. The doctor continued to see the claimant on several occasions after the first visit and at a hearing on November 21, 1955 in answer to a hypothetical question stated that the work done by the claimant as outlined on February 19-21 could be responsible for the coronary occlusion and gave a detailed explanation for his answer. Dr. Harry Katz examined claimant for the carrier on June 10, 1955 and filed a report on June 13 in which he stated that the coronary oeclusion did not *1023 arise out of Ms occupation and was not precipitated or aggravated by his work. He testified at a hearing on November 21, 1955 and in answer to a hypothetical question stated there was no causal relation between the claimant’s coronary occlusion and the work of Ms employers. Later on cross-examination he was asked to include in his question that claimant had chest pains on February 19, 20 and 21, and if that would change his opinion as to the causal relation and his answer was “ If what you say is correct, yes.” From the overall record there was substantial evidence to confirm the finding of the board and for the award to the claimant. Award unanimously affirmed, with costs to the Workmen’s Compensation Board.
Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, J J.