Appeal by an employer and its insurance carrier from *1025 a decision and award of the Workmen’s Compensation Board for death benefits. While working as a waiter, decedent suffered a heart attack and died upon the employer’s premises. He was then 68 years old. As his widow testified and the board found, he had been sick for 15 years as a result of a heart condition. His physician had advised him not to work “more than a day or two at most.” Customarily, he worked two days each week. He took medication regularly. “If he had to walk up steps or a half block, he would take a pill in his mouth to relieve the pain.” On February 21, 1954, he “ felt sick all morning * * * stayed in bed all day and took a few pills and his feet were terribly swollen.” Nevertheless, and against his wife’s protests, he went to work that evening. Our quotations are from her testimony. Decedent’s work was serving drinks which he carried on a tray from a service bar to tables seating up to four persons. The tables were set up at distances from the bar varying from 10 to 50 feet and decedent was assigned the section nearest the bar. According to a eoemployee, the waiters were required to come in at 6:00 p.m. to put on tablecloths, “wash a few glasses ”, put out ash trays and get ready for the party for which the room was to be used. The waiters were then able to “ sit around for a few hours ”, as the same employee said, until the guests started straggling in at 10:30 to 11:00, “the actual work” being from' 11:00 p.m. to 3:00 a.m. At about 2:00 a.m., the coemployee said to decedent, who was leaning against a wall, “well, we’re having a bad night, and he said, we’re having a bad night * ⅜ * I don’t feel well, I shouldn’t have come in, and fell right to the floor.” The board found: “ Due to excessive, unusual . exertion, strain and effort, Max Meit sustained accidental injuries which aggravated a pre-existing coronary condition and precipitated his death on February 22, 1954 due to coronary sclerosis.” The only evidence relating decedent’s death to excessive or unusual exertion was adduced from a cardiologist called by claimant. This doctor said: “He was closing down his coronaries and was getting into a state of possible death, or at least possible acute illness; that he disregarded these warnings and left the house and went to work and continued working for a period of two hours during which time he probably developed more coronary insufficiency and died because of all this undue exertion that he never should have engaged in ”. The work which the doctor characterized as “ undue exertion ” was described in the hypothetical question propounded as spreading the tablecloths “and so forth”, followed by a period of hours during which there was no activity, after which decedent, for 2½ hours, “ was busy as a waiter ”. The doctor replied in the affirmative when asked whether the “ordinary activity that [decedent] must have of necessity indulged in in going about either his work or in going about the process of living” was responsible for the final condition of coronary insuffieiencv “which proved to be irreversible” He testified further that “any work that he did that night” might have hastened death. The conclusion from the doctor’s testimony, read as a whole, is that decedent’s condition at home, before he left, was such that any exertion would have caused death, that all work was contraindicated, and that “had he rested, he might have been saved.” The finding of “excessive, unusual exertion, strain and effort” is without substantial support in the evidence. Neither is this a ease where the usual work might be found to have constituted undue strain in the light of decedent’s condition (Matter of Sleator v. National City Bank, 285 App. Div. 393, affd. 309 N. Y. 708; Matter of Gioia v. Courtmel Co., 283 App. Div. 40, motion for leave to appeal denied 306 N. Y. 985) as that test is qualified by the condition that “the ordinary course of the work” *1026 must have been “ sufficiently strenuous to require more than normal exertion ” (Matter of Burris v. Lewis, 2 N Y 2d 323, 326, citing Matter of Masse v. Robinson Co., 301 N. Y. 34; Matter of Ledwith v. Birgel & Sons, 3 A D 2d 877). This record is barren of any evidence of arduous work exceeding normal exertion. Decision and award reversed and claim dismissed, with eosts to appellants against tbe Workmen’s Compensation Board.
Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ., concur.