■ In the Matter of the Claim of VINCENT STELLA, Respondent, against JAMES MANCUSO et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by the employer and its insurance carrier from an award and decision of the Workmen's Compensation Board. The claimant was involved in three accidents in a short period of time while working for the same employer. On August 6, 1948 the truck he was driving collided with a tree and he received a slight nose injury. On November 8, 1948 he was unloading a truck and a milk can fell from it, striking him on the head and causing him to black out for a very brief period. On February 22, 1949 he was told to move a truck and because he was unfamiliar with its braking system it rolled down an incline striking a concrete abutment. He struck his chest and back, had the wind "knocked out" of him and he had nausea. The claimant lost no time after the first two accidents and continued working after this one but he received help from his employer. He was bothered by headaches and began to have dizzy spells and to stagger when he walked. He was sent to the hospital in March, 1949 and his condition was diagnosed as multiple sclerosis. Multiple sclerosis apparently is a disease of the central nervous system, a disease marked by sclerosis (hardening) occurring in patches throughout the brain or spinal cord, or both. It is accompanied by weakness, incoordination, jerking movements of the legs, and especially the arms. The referee after hearing the testimony of Drs. Favata and Garvey disallowed the claim. The board on review rescinded the decision and referred the records to an impartial neuro-surgeon, Dr. Brzustowicz. He filed a report and his testimony and that of Dr. Geib for the carrier was heard. The board then found that the claimant's condition of multiple sclerosis was causally related to the accident of February 22, 1949 and reversed the referee's findings. The appellants maintain that the record does not contain substantial medical evidence to support a finding that the multiple sclerosis was caused or precipitated by the accident of February 22, 1949. The medical witnesses agreed that although the cause of mutiple sclerosis is unknown that trauma does not cause the condition. The conflict in the medical testimony is as to whether traumatic injuries can aggravate or precipitate multiple sclerosis and whether or not the trauma experienced here was severe enough to aggravate the claimant's condition. There is no question, as the appellants maintain, that medical conclusions which are merely speculative or possible are not such substantial evidence as will sustain an award. It is their contention that since the board referred the matter to an impartial

expert and his testimony was only that the injury may be a precipitating cause here that the board's decision was not based on substantial evidence. However, when the testimony of Dr. Brzustowicz, the impartial expert, is read in conjunction with that given by Dr. Favata it appears that there was substantial evidence to support the award. Dr. Favata stated unequivocally that the trauma experienced was sufficient to precipitate the condition and that there was here a causal relation. His testimony combined with that of Dr. Brzustowicz that the trauma experienced here may be the precipitating cause and that it cannot be excluded as such, provided substantial evidence to support the finding of the board. The experts who testified for the carrier were of the opinion that the trauma experienced here was not severe enough to precipitate the claimant's condition. They stated that the trend of medical opinion is away from the theory that trauma precipitates the condition of multiple sclerosis. They did recognize, however, that there are experts of good standing who feel that slight trauma will do so. A specialist in neurosurgery, Dr. Favata, testified here that the trauma was sufficient to precipitate the condition and that it did. The board was presented, on this record, with a conflict of medical testimony, and it resolved the same in favor of the claimant. As this court stated in *Matter of Gioia* v. *Courtmel Co.* (283 App. Div. 40, 42): " Clearly this conflict of medical opinion is one of substance. Neither opinion is certain nor incredible, and to adopt one and reject the other requires entry into a field of fact with power to weigh and balance testimony, a power we do not possess in compensation cases." Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.