■ In the Matter of the Claim of RONNIE M. WILSON, on Behalf of Herself and Daughter, Appellant, against BROWNELL CONSTRUCTION COMPANY OF LIBERTY, N. Y. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal from a decision of the Workmen's Compensation Board which reversed the decision of the referee and disallowed the claim. The decedent, Herbert Wilson, died as the result of a coronary occlusion on May 27, 1952 having been engaged on that day in his usual occupation as a carpenter. In the course of the construction being done he was at times called on to carry heavy planks but it appears that he had not carried any that day. It seems he had been doing a type of surveying, which was very light work, before the coffee break at 9:00 a. m. when he first complained of a pain in his chest. After the coffee break he worked at assembling forms into which concrete was to be poured. He was nailing pieces of plywood 2 feet by 8 feet against 2 by 4's when he again complained of pain in his chest and stomach and he was helped to the hospital which was only about 20 or 30 feet away. Dr. Payne, the decedent's personal physician, was called and he administered drugs. Shortly thereafter the decedent died. On the same day an autopsy was performed by a Dr. Mamelock who found that death was caused by a fresh thrombus. The claim here was filed by the widow on behalf of herself and an incompetent daughter. The referee found the decedent had been performing heavy manual labor and resolved the conflict of medical testimony in favor of the claimants saying he could not accept the idea that the heart attack was coincidental with the work being done. On review the board referred the record to an impartial cardiologist who found that the coronary thrombosis was not produced either directly or indirectly by the decedent's work. The board then reversed the referee's decision and disallowed the claim. The appellants contend that the finding of the board that death was not directly or indirectly due to any accident arising out of the decedent's employment is not

supported by substantial evidence. The Court of Appeals has held that a heart injury such as is involved here when brought on by overexertion or strain in the course of daily work is compensable even though a pre-existing condition was a contributing factor (*Matter of Masse* v. *Robinson Co.*, 301 N. Y. 34). It appears here that the decedent was suffering from a pre-existing condition of generalized arteriosclerosis. The Court of Appeals has said in a subsequent interpretation of the *Masse* case: "but the *Masse* case nevertheless requires that the regular job activity shall entail greater exertion than the ordinary wear and tear of life, and that the heart attack shall have been produced by the 'unusually hard' work thus demanded." (*Matter of Burris* v. *Lewis*, 2 N Y 2d 323, 326. The record amply sustains the finding of the board that this illness was not accidental. The medical testimony was in conflict. Dr. Payne testified that the work the decedent was doing on the day of his death contributed to the coronary occlusion which caused his death. However the doctor also testified that the decedent should not have been doing any work, that the mere fact of his living was an aggravation to his heart condition. Against this testimony we have the testimony of three expert physicians, one who performed the autopsy and one who was the impartial expert appointed by the board, who stated that there was no relationship between the work being done by the decedent and the coronary occlusion which caused his death. It appears from their testimony that the occlusion had formed before or during the coffee break and that once it had formed the decedent was doomed to die. The decedent had been doing only the very lightest of work before the coffee break and his exertion had certainly not been more than the ordinary "wear and tear" of life. In the *Burris* case (*supra*) the doctor who testified for the claimant said that any exertion could have caused the death and the court in reversing the award stated: "But where, as here, a heart has deteriorated so that any exertion becomes an overexertion, where the mere circumstance that the employee was engaged in some kind of physical labor is what impels the doctor to testify that his work caused his death, we would have reached a point, if this award were to be upheld, where all that is necessary to sustain an award is that the employee shall have died of heart disease" (p. 326). In *Matter of Gioia* v. *Courtmel Co.*, (283 App. Div. 40, 42) this court was confronted with a heart case involving a conflict of medical testimony and Justice Foster there stated: "Clearly this conflict of medical opinion is one of substance. Neither opinion is certain nor incredible, and to adopt one and reject the other requires entry into a field of fact with power to weigh and balance testimony, a power we do not possess in compensation cases." The board has found that the occurrence of an accidental injury as contemplated by the statute has not been established and that the condition of the decedent which resulted in his death was not causally related to his occupation and the physical activity therein. Upon this record we may not say as a matter of law that the board could not so determine these questions of fact. Decision affirmed, without costs. Foster, P. J., Gibson, Herlihy and Reynolds, JJ., concur.