■ In the Matter of the Claim of RITA BLOOM, Respondent, v. ISRAEL COHEN & SON et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— In awarding death benefits in a heart case, the board found that in preparation for his day's work as a carpenter engaged in lathing on a building construction job, decedent entered the building with his tools (shown to weigh six or seven pounds), "carried them up a flight of steps to the second floor and then descended the steps * * * to get a wooden 'horse'" from his car and while reparking his car collapsed and died. The board did not determine the cause of death but found causal relationship nevertheless and stated in the form of a finding, which was, however, meaningless as such: "Cause of death given as a myocardial infarction". The only evidence of myocardial infarction was that afforded by the medical examiner's certificate of death as "Myocardial infarction, old. Coronary sclerosis" [emphasis supplied]. Nevertheless, the board obviously accepted as proof of accident an opinion predicated on the supposed occurrence of a new injury — a "coronary occlusion * * * another thrombosis" — advanced by a physician who, at the same time, conceded that decedent's underlying condition was of such severity that death could have occurred spontaneously therefrom. There was additional legal error in the finding that "the climbing of steps and the carrying of tools and the return to the car, superimposed on his prior heart pathology was, in the case of the decedent, of such unusual strain and exertion as to constitute an accident arising out of and in the course of employment." (Emphasis supplied.) In reversing an award in a heart case in which the exertion found was excessive only because of decedent's pre-existing condition, we said, "Neither is this a case where the usual work might be found to have constituted undue strain in the light of decedent's condition (Matter of Sleator v. National City Bank, 285 App. Div. 393, affd. 309 N. Y. 708; Matter of Gioia v. Courtmel Co., 283 App. Div. 40, motion for leave to appeal denied 306 N. Y. 985) as that test is qualified by the condition that 'the ordinary course of the work' must have been 'sufficiently strenuous to require more than normal exertion' (Matter of Burris v. Lewis, 2 N Y 2d 323, 326, citing Matter of Masse v. Robinson Co., 301 N. Y. 34; Matter of Ledwith v. Birgel & Sons, 3 A D 2d 877)."

(*Matter of Meit* v. *P. S. & M. Catering Corp.*, 5 A D 2d 1024.) The board's findings upon this record, even without reference to its error in appraising decedent's strain and exertion as in the light of his particular condition, do not support its determination that an accident occurred. Decision and award reversed and claim dismissed, with costs to appellants against the Workmen's Compensation Board. Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.