■ TIMOTHY J. DEMPSEY et al., Respondents, v. CITY OF BINGHAMTON, Appellant.— Order unanimously affirmed, with $10 costs. The complaint, upon its face, is sufficient to defeat a motion to dismiss for failure to state a cause of action. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.

■ In the Matter of the Claim of BENJAMIN LERNER, Appellant, v. TERRYCAB COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the claimant from a decision of the Workmen's Compensation Board denying benefits on the grounds of no accidental injury and a lack of causal relationship. On July 17, 1959 claimant, a cab driver, suffered a heart attack which resulted in his absence from work until October 1. Compensation was granted for this period and no appeal was taken from this award. Claimant resumed work on October 1, 1959 and continued until December 17, 1959 when he suffered a second attack, the one in dispute. On December 17, 1959 the record indicates claimant commenced his day's work at 6:00 A.M., by driving to Idlewild Airport, a distance of some 22 miles. From Idlewild Airport he went to 666 Fifth Avenue, New York City, again traveling 20 to 22 miles. Next he proceeded downtown to Vesey Street, New York City. From there he got a call to Ft. Hamilton Parkway in the Borough of Brooklyn. From Ft. Hamilton Parkway and 49th Street he proceeded to Fourth Ave. and 50th St.; from Fourth Ave. and 50th St. he proceeded to Ft. Hamilton Parkway and the Staten Island Slip. At that point he began to feel chest pains, so he rested for about an hour before attempting to continue work. On resuming his activities the pain persisted and he was removed to Maimonides Hospital where his condition was diagnosed as myocardial ischemia. Claimant urges that the board should have found an accident on the above facts under *Matter of Masse* v. *Robinson* (301 N. Y. 34). While it is true that the "usual work" test has lost most, if not all, of its former significance (*Matter of Gioia* v. *Courtmel Co.*, 283 App. Div. 40), there still remains a question in each case as to whether the regular job activity itself entails greater exertion than the ordinary wear and tear of life (*Matter of Burris* v. *Lewis*, 2 N Y 2d 323, 326) and this question is factual. "Whether a particular event was an industrial accident is to be determined, not by any legal definition, but by the common-sense viewpoint of the average man." (*Matter of Masse* v. *Robinson, supra*, p. 37.) Here it cannot be said that the board in determining such factual issues could not reach the determination it did. Similarly the question of causal relationship, which as usual is subject to dispute among the expert witnesses, is for the board's determination. The fact that there is some inconsistency in making an award for the July incident and not the December one is of no import (*Matter of Szatkowski* v. *Bethlehem Steel Co.*, 1 A D 2d 716). Decision unanimously affirmed, without costs. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.