■ In the Matter of the Claim of JOSEPH CORSO, Respondent, v. BRUCKNER DINER, INC., et al., Appellants, WORKMEN'S COMPENSATION BOARD, Respondent. — Appeal by the employer and its carrier from a decision and award of the Workmen's Compensation Board on the grounds that there is no substantial evidence to sustain the board's finding of accident and causal relationship. The board has found that claimant, a dishwasher-counterman, was assaulted by some patrons in his employer's diner-restaurant on June 16, 1955, and that as a consequence of the assault claimant sustained an injury to his head which aggravated a pre-existing cerebral pathology and precipitated a traumatic epilepsy. Appellants first assert that there is no substantial evidence to support the board's finding that the alleged accident occurred. They point to a number of inconsistencies in the record which they assert cast such doubts on claimant's account of the assault and his injuries resulting therefrom that his testimony is of no probative value and thus does not constitute substantial evidence. But in addition to claimant's testimony, the employer both in his testimony and his written report admitted the altercation took place on June 16, 1955 and a police report, received in evidence, substantiates not only claimant's account of the assault but also that he was taken to the hospital for treatment. On the state of the present record we cannot say that the board could not as a question of fact accept claimant's version of what transpired. Similarly while there is the usual conflict among the medical witnesses, the resolution thereof was properly left to the board. (Matter of Gioia v. Courtmel Co., 283 App. Div. 40, mot. for lv. to app. den. 306 N. Y. 985.) Nor did the choice of words used by claimant's experts in their medical opinions destroy the probative value of their testimony.

(*Matter of Ernest* v. *Boggs Lake Estates*, 12 N Y 2d 414.) Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, J. P., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.