■ In the Matter of the Claim of MARIE MARTINELLI, Respondent, against METROPOLIS TRUCKING COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and carrier from decisions and awards of the Workmen's Compensation Board granting death benefits to claimant.

Decedent died as a result of a coronary occlusion while enroute from his home to a hospital on the morning of August 6, 1955. The board has found that decedent suffered an industrial accident on August 5, 1955, and that his death was causally related thereto. Appellants contend that there is no substantial evidence to sustain such findings. Decedent was 45 years of age. There is evidence in the record that prior to August 5, 1955, he was free from symptoms of heart injury. He was employed as a truck driver, and as part of his duties he was required to load and unload packages of varying weight and to move parcels about his place of employment by means of a hand truck. The employer's "busy season" had commenced a short time before decedent was stricken, and he was required to work longer hours and handle more merchandise than usual. The week preceding and including August 5, 1955, was exceedingly and unusually hot and humid. When decedent arrived home after work on August 5, he complained of feeling tired and did not want to eat. About 11:45 P.M., he complained to his wife of chest pains. The next morning he looked ill and a doctor was called who "suspected" a heart attack. Shortly thereafter decedent collapsed and died before reaching a hospital. The record contains medical opinion that the onset of the coronary occlusion occurred while decedent was at work, and that it built up during the ensuing hours until it finally caused death. There is also medical evidence which causally relates the death to the work that decedent was doing under adverse conditions. The record is adequate to support the findings of the board. Decisions and awards affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Coon, Gibson and Reynolds, JJ., concur; Herlihy, J. (dissenting). I dissent and vote to reverse and dismiss the claim. It is my opinion there is no evidence of an industrial accident arising out of and in the course of employment. Decedent, with no prior history of heart pathology, worked as usual on August 5, 1955, and after returning home late in the evening, complained of pains in his chest. The following morning, August 6, he died from coronary occlusion while in an ambulance enroute from his home to the hospital. While there is some testimony that the employer's business was entering its busy season, the record revealed that the decedent did nothing unusual on August 5 or for several days prior thereto. The unusual element was the weather, *very hot,* over which the employer had no more control than the employee. There was no evidence of unusual strain aside from the usual wear and tear of life in the particular business in which the decedent was employed. The fact that he worked eight hours per day instead of seven for approximately two weeks prior to his death [as the dissenting member of the board expressed it] did not subject him " to any hazard uncommon to that type of employment. There was nothing catastrophic, unusual or extraordinary in his employment prior to his death." It is difficult to believe that the facts here developed constitute an accident by the common-sense viewpoint of the average man. (*Matter of Masse* v. *Robinson Co.,* 301 N. Y. 34, 37.) As to the medical testimony by the claimant, the *medical opinion* of accident was indefinite, based on surmise and conjecture and under the circumstances, not substantial evidence In *Matter of Riehl* v. *Town of Amherst* (308 N. Y. 212) the court said at page 216: " Expert opinion evidence lacks probative force where the conclusions are ' contingent, speculative, or merely possible.' " There apparently are no cases in point and I do not favor further extending " heart cases " based upon alleged *unusual strain under adverse climatic conditions* as developed in this case.