■ In the Matter of the Claim of IRENE M. JOHNSON, Respondent, against SWIFT & COMPANY, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision and award of the Workmen's Compensation Board. The deceased employee was a meat truck driver whose job involved loading meat on the truck and then unloading it at various stores. On the morning of October 30, 1956, at his first stop he was unloading quarters of beef weighing about 138 pounds and lambs weighing 40 to 45 pounds. These he carried from the truck to the store, a distance of 68 feet, up four steps and then into the store. He complained that he could not breathe and that he did not feel well. Thereafter he had another truck driver help him on two occasions by loading a quarter of beef onto his shoulders. At 11:00 A.M., he was still carrying in the meat and at 11:50 A.M. he was found dead in the cab of his truck. An autopsy gave the cause of death as acute coronary insufficiency based on an extreme degree of arteriosclerosis of the coronary arteries. The board has found causal relationship between the extreme exertion of the decedent's work and his death. The fact that the decedent was performing his usual work at the time of the accident does not prevent his death from being compensable if such work involved more strain and exertion than the ordinary wear and tear of life (*Matter of Masse* v. *Robinson*, 301 N. Y. 34; *Matter of Burris* v. *Lewis*, 2 N Y 2d 323). The strain and exertion involved here was clearly of such a nature and there is substantial medical evidence indicating causal relationship between this exertion and the decedent's death. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.

■ In the Matter of MORGAN D. RYAN, Petitioner, against SUPREME COURT OF THE STATE OF NEW YORK et al, Respondents.— Motion to vacate order permitting petitioner to appeal to the Court of Appeals denied on the ground that it now appears that an appeal has been taken to the Court of Appeals within the terms of such order. Any application for relief in respect of a stay pending that appeal must be addressed to the Court of Appeals. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.

■ In the Matter of the Claim of ANDREW PJATAK, Appellant, against CITY OF NEW YORK, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion for permission to appeal to the Court of Appeals denied, without costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.