■ In the Matter of the Claim of NELLIE BURKE, Respondent, against NEW YORK WORLD TELEGRAM & SUN et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— The employer and carrier appeal from an award of death benefits. The deceased employee died of a heart attack while actually on his job. Appellants present the issues of accident and causal relation. Decedent's duties as a "dispatcher" required him to move bundles of newspapers weighing from 45 to 50 pounds each from place to place in the Pennsylvania Station and to load them on various trains. Decedent was 69 years of age and had been doing this type of work for the employer for many years. On January 30, 1956 he worked as usual, loading bundles of papers on an electric truck and unloading them from the truck onto various trains on tracks "18" and "19". It appears that "sometimes" he had to load papers on trains on track 17, and there is ample evidence that he did so on the day of his death. The record contains the testimony of other workers doing the same kind of work in the same area, that in order to reach track 17 the bundles had to be carried by hand, and that decedent did so on that day. The procedure was that decedent would pick up a bundle of papers, place it on his shoulder, carry it a distance variously described as one half a block and one block, up a long flight of stairs, across a concourse over some tracks, and then down a long flight of stairs, to reach the trains located on track 17. It appears that decedent complained to a coworker sometime during the afternoon that he had a pain in the region of his heart, which he though might be indigestion. He continued working, however, and thereafter loaded papers on trains on tracks 18 and 19 until shortly before 5 o'clock, when he went to the baggage room to wait for a new truck load of papers to arrive. Shortly thereafter he collapsed, was found unconscious on the floor and soon died. While the medical evidence is conflicting, there is medical testimony that the hard physical work which the decedent was doing on that day contributed to and brought about his death. It seems clear that the circumstances surrounding decedent's death would be considered an accident within the common understanding of the average man (*Matter of Masse* v. *Robinson Co.*, 301 N. Y. 34), and that the efforts and exertion of his employment on that day exceeded the ordinary wear and tear

of life (*Matter of Burris* v. *Lewis*, 2 N. Y. 2d 323). Certainly the board could have and did so find. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.