■ In the Matter of the Claim of AGNES I. BURKE, Respondent, v. CHEF'S HAT RESTAURANT et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision and award of the Workmen's Compensation Board, one member dissenting, reversing the decision of a Referee. Claimant, aged 51 years, was employed as a waitress in a delicatessen and restaurant. Her duties included the removal of dirty dishes from tables in the establishment and their deposit in a large plastic container located beneath a counter. Claimant was the sole employee so engaged. During and after a busy luncheon period on July 8, 1959 she performed this operation at least 20 times in the course of 5 of which she was required to remove the container. At about 4:30 P.M. on that day she carried an armful of such dishes to the receptacle. Using her free hand she pulled out the container which was already full and concurrently experienced what she described as a hurting sensation in her chest. A fair inference from her testimony is that the container was inconveniently located and that the application of considerable exertive force was necessary to place it in a position to receive dishes. Although the pain persisted she continued to work until 9:00 P.M. when she " couldn't take it any longer and  *  *  * went home." After an uneasy night, she returned to work on the following day which was Thursday because her employer was " stuck for a girl ". On Friday she did not resume her employment. She felt discomfort over the weekend and on Monday, July 13, complaining of shortness of breath, dizziness and headaches, consulted a physician who observing her distress obtained a history of the episode of July 8 and after a brief examination sent her to a hospital where she remained until July 27. Following her discharge she was treated at its clinic. On September 22, 1959 the same physician found that claimant's condition had worsened and readmitted her to the same hospital where she remained until October 5. Thereafter he referred her to a specialist in internal medicine who examined her on November 10. Her complaints then were occasional substernal chest pain and shortness of breath upon exertion. In childhood claimant had contracted rheumatic fever. She testified that she had worked steadily as a waitress since 1924 and that prior to July 8, 1959 she had not received medical treatment for heart disease. The medical experts were in agreement that claimant was suffering from pre-existing chronic rheumatic endocarditis involving the mitral valve with cardiac enlargement. Claimant's specialist reported and testified that in his opinion her work effort on July 8, 1959 precipitated the onset of congestive failure in a heart already weakened and damaged by antecedent rheumatic heart disease and that when continued on that and the following day accelerated and aggravated the myocardial damage. He found her to have been totally disabled from July 8, 1959 to the date of his last examination on October 27, 1960. Carrier's specialist expressed the view that the pulling episode with associated pain played no part in the progression of a long-existent underlying cardiovascular pathology. The board found that the claimant had sustained an accidental injury which was aggravated by continued work. Its finding is one of fact and there is medical evidence to support it. (Matter of Bohm v. L. R. S. & B. Realty Co., 264 App. Div. 962, affd. 289 N. Y. 808; Matter of Weitz v. Schreiber Brewing Co., 275 App. Div. 973; Matter of Geschwer v. Tee Jay Toys, 15 A D 2d 615; Matter of Kunkel v. National Packing Co., 15 A D 2d 695; Matter of Masse v. Robinson Co., 301 N. Y. 34, 37.) Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.