In the Matter of the Claim of FRANCES TRAVERSONE, Respondent, v. LEE BROTHERS STORAGE, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, October 31, 1962.

*Joseph M. Soviero* (*George J. Hayes* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Harry Rackow* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*Haft & Tischler* for claimant-respondent.

GIBSON, J. Appeal is taken from an award of death benefits in a heart case.

It cannot be said that the evidence of decedent's work as a packer for a moving and storage company was insufficient as a matter of law to warrant a finding of excessive exertion. It is not entirely clear whether, on the day of his heart attack, decedent did no more than to pack fragile articles of little weight or whether he packed and subsequently lifted or shifted some heavier household furnishings which, in the aggregate, might have been of considerable weight. Remittal is necessary, however, since we deem inadequate the board's finding that the work was " sufficiently exerting to bring on the attack ", as in this case the degree of exertion necessary to trigger the attack would be relative to the degree to which the underlying coronary

disease had progressed. Also insufficient is the further finding that " decedent had reached a stage where even his usual work was difficult *for him* " (emphasis supplied), as this is not the test, which is, rather, " that the ordinary course of the work " must have been " sufficiently strenuous to require more than normal exertion." (*Matter of Burris* v. *Lewis,* 2 N Y 2d 323, 326, citing *Matter of Masse* v. *Robinson,* 301 N. Y. 34; and, see, *Matter of Bloom* v. *Cohen & Son,* 16 A D 2d 841, 842 [in which we remarked upon the board's " error in appraising decedent's strain and exertion as in the light of his particular condition "], and *Matter of Sawtell* v. *Columbia Box Bd. Mills,* 16 A D 2d 1018.)

While at least some of the medical evidence of causal relationship was predicated upon assumptions of fact which appellants contend were unwarranted, and perhaps with some justification in the case of Dr. Anastasi's testimony, we will not pass upon appellants' contentions in advance of the formulation of adequate board findings with respect to decedent's activities.

The decision and award should be reversed and the case remitted to the Workmen's Compensation Board, with costs to appellants against the Workmen's Compensation Board.

BERGAN, P. J., COON, HERLIHY and REYNOLDS, JJ., concur.

Decision and award reversed and case remitted to the Workmen's Compensation Board, with costs to appellants against the Workmen's Compensation Board.