In the Matter of the Claim of MARY J. PICKHARDT, Respondent, v. C. H. HEIST OHIO CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision and award of death benefits. Decedent, age 35, sustained a fatal coronary attack on November 29, 1961. The record reveals that on the day of his demise decedent had worked as a member of a three-man crew raising 35-pound galvanized sheets to a scaffold by means of a pulley and that just prior to the fatal attack he had ascended a 50-foot ladder. Appellants urge, however, that considering these specific activities in relation to decedent's customary and usual work there was no "unusual or excessive strain" upon which the board could predicate a finding of an industrial accident. This argument was specifically met and rejected in Matter of Sczesniak v. Whitney (12 A D 2d 366), and it is now well settled that the performance of one's customary duties does not preclude the finding that such activities themselves are sufficiently arduous to entail "greater exertion than the ordinary wear and tear of life" (e.g., Matter of Hudson v. Waddington Constr., 14 A D 2d 463). Whether given activities constitute sufficient strain is an issue of fact and thus within the province of the board (Matter of Masse v. Robinson Co., 301 N. Y. 34), and on the instant record we see no reason to disturb the board's determination. Similarly the question of causal relationship is factual, and although the medical evidence was conflicting, the board's decision is supported by substantial evidence and must therefore be sustained (Matter of Palermo v. Gallucci & Sons, 5 N Y 2d 529). Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.