In the Matter of the Claim of MARION MASSE, Claimant, against JAMES H. ROBINSON Co., INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Appellant.

Argued January 10, 1950; decided April 13, 1950.

*Nathaniel L. Goldstein, Attorney-General (Theodore M. Schwartz, Wendell P. Brown* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, appellant. The disability and death of decedent were due to accidental injuries arising

out of and in the course of his employment. In addition to the proof of a series of strains during the entire week from April 10, 1947, to April 15, 1947, there is uncontradicted evidence of a specific incident of lifting and unusual exertion on April 15, 1947, which caused decedent to become immediately ill from a cardiac injury and to become totally disabled and to die from the effects of such injury. (*Matter of Connelly* v. *Hunt Furniture Co.*, 240 N. Y. 83; *Matter of O'Sullivan* v. *Woods Theatre Co.*, 195 App. Div. 609; *Matter of Fogarty* v. *National Biscuit Co.*, 221 N. Y. 20; *Matter of Pickerell* v. *Schumacher*, 242 N. Y. 577; *Matter of Kusel* v. *Eastern Bridle Iron & Steel Corp.*, 283 N. Y. 671; *Matter of Mark* v. *Myrod Amusement Corp.*, 267 App. Div. 844; *Matter of Hut* v. *Lejack Holding Corp.*, 262 App. Div. 978; *Matter of Wightman* v. *Westfall Mfg. Co.*, 266 App. Div. 935; *Matter of Furtardo* v. *American Export Airlines*, 274 App. Div. 954; *Matter of Fairley* v. *Socony-Vacuum Oil Co.*, 274 App. Div. 837; *Matter of Katchmer* v. *Smith & Sons Carpet Co.*, 272 App. Div. 1091; *Matter of McCormack* v. *Wood Harmon Warranty Corp.*, 288 N. Y. 614; *Matter of Ruby* v. *Lustig*, 299 N. Y. 759.)

*Edward L. Robinson, Jr., William M. Fay, Solon J. Stone* and *William B. Lawless, Jr.,* for respondents. The Appellate Division was correct in holding that there is no evidence to support the board's conclusion to the effect that Masse, who suffered a heart attack while getting out of bed in his own home, met with an accident during the course of his employment. A conclusion as to the existence of an accident within the meaning of the Workmen's Compensation Law cannot be based upon the finding that Masse's work, during the week preceding the attack which he had at home, was more arduous than usual. Even if we assume the existence of the board's premise, its conclusion is not thereby supported. (*Matter of Jeffreyes* v. *Sager Co.*, 198 App. Div. 446, 233 N. Y. 535; *Matter of Dyviniek* v. *Buffalo Courier Express Co.*, 296 N. Y. 361; *Matter of Connelly* v. *Hunt Furniture Co.*, 240 N. Y. 83; *Matter of Lerner* v. *Rump Bros.*, 241 N. Y. 153; *Matter of Doulin* v. *City of Saratoga Springs*, 236 App. Div. 749, 261 N. Y. 558; *Matter of La Fountain* v. *La Fountain*, 259 App. Div. 1095, 284 N. Y. 729; *Matter of Dworak* v. *Greenbaum Co.*, 261 App.

Div. 1022, 287 N. Y. 555; *Matter of Schwalenstocker* v. *Department of Taxation & Finance,* 293 N. Y. 861; *Matter of Chiara* v. *Villa Charlotte Bronte,* 273 App. Div. 834, 298 N. Y. 604.)

LOUGHRAN, Ch. J. This is a workmen's compensation case. The employee, Paul J. Masse, whose work had long been physically hard, was subjected to unusual strain and exertion during his working hours in the week that ended April 15, 1947. On that date, he moved a large number of heavy objects after which he looked pale and weak and on his arrival home went to bed. When he complained of chest pains the next morning, his wife summoned a physician who found him suffering from an acute coronary occlusion which caused him thereafter to be wholly disabled until he died on May 21, 1947, at age thirty-seven. In the opinion of this physician, the cause of death was the unusual strain and exertion that had been imposed upon Mr. Masse by the character of his work during the week ending April 15, 1947.

The Workmen's Compensation Board made an award of compensation for the period of disability and an award of death benefits to Mr. Masse's widow in accordance with the following finding of fact: " During the week preceding April 16, 1947, while the said Paul J. Masse was engaged in the regular course of his employment * * * due to unusual extra exertion, strain and effort, he sustained accidental injuries in the nature of a coronary occlusion ".

On appeal to the Appellate Division, the decision and awards of the board were reversed and the claims dismissed for reasons stated by the court in these words: " The board has found that the accidental injury occurred during the week ending April 15th. There is no evidence of deceased's having experienced an accident during that week other than that his work was somewhat more arduous than usual. The findings of accidental injuries are without proof to sustain them. They are not assignable to any accidental experience ' identified in space or time ' or to any particular event which was ' catastrophic or extraordinary ' and which arose out of and in the course of the employment. (*Matter of Jeffreyes* v. *Sager Co.,* 198 App. Div. 446, affd. 233 N. Y. 535; *Matter of Connelly* v. *Hunt Furniture Co.,* 240 N. Y. 83, 85, 86; *Matter of Lerner* v. *Rump Bros.,* 241 N. Y.

153, 155). We may not say that unusual hard work in regular course of an employment prolonged for a week or so is an event of accident." (275 App. Div. 976.)

A lengthening line of recent cases in this court commits us to a different conclusion. (See *Matter of Green* v. *Geiger,* 280 N. Y. 610; *Matter of McCormack* v. *Wood Harmon Warranty Corp.,* 288 N. Y. 614; *Matter of Altschuller* v. *Bressler,* 289 N. Y. 463; *Matter of Bohn* v. *L. R. S. & B. Realty Co.,* 289 N. Y. 808; *Matter of Godsman* v. *Grumman Aircraft Engineering Corp.,* 295 N. Y. 708; *Matter of Shaw* v. *Browers Garage,* 295 N. Y. 709; *Matter of Brooks* v. *Elliott Bates, Inc.,* 295 N. Y. 710; *Matter of Flammer* v. *Bethlehem Steel Co.,* 295 N. Y. 817; *Matter of Cooper* v. *Brunswick Cigar Co.,* 298 N. Y. 731; *Matter of Ruby* v. *Lustig,* 299 N. Y. 759.) The cited cases — in each of which the Appellate Division upheld an award — stand for this proposition: A heart injury such as coronary occlusion or thrombosis when brought on by overexertion or strain in the course of daily work is compensable, though a pre-existing pathology may have been a contributing factor.

Perhaps we have heretofore as matter of law denied claims for workmen's compensation in cases that cannot be easily distinguished from the one now in hand. (See *Matter of Scully* v. *Linwood Amusement Corp.,* 268 N. Y. 512; *Matter of La Fountain* v. *La Fountain,* 284 N. Y. 729; *Matter of Dworak* v. *Greenbaum Co.,* 287 N. Y. 555.) But such variations represent no difference as to what is the right basis for decision of controversies of the present kind. Whether a particular event was an industrial accident is to be determined, not by any legal definition, but by the common-sense viewpoint of the average man. (Cf. *Matter of Lurye* v. *Stern Bros. Dept. Store,* 275 N. Y. 182, 185.)

The order of the Appellate Division should be reversed and the awards reinstated, with costs to the Workmen's Compensation Board.

LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Order reversed, etc.