Foster, P. J.
The employer herein and its insurance carrier appeal from an award of death benefits made by the Workmen’s Compensation Board to the widow and two minor children of a deceased workman. Originally the claim was disallowed by a referee. His decision was rescinded by the board and the matter referred to an impartial medical specialist. Upon a completed record the award appealed from was thereafter made.
Decedent was employed as a steamfitter in the brewery of the employer. A part of his duties included the maintenance of boilers. That duty required him to clean the boilers twice a week. Such work was performed from within the boilers with the aid of a turbine which was revolved by air pressure through a hose. The turbine had a cutter on it which scraped and cleaned the inside of the boiler cylinder. Access to the inside of a boiler by decedent was gained by entering head first and crawling along inside. His exit was achieved by worming himself out backwards, and pulling his body through the manhole opening where he had entered.
Once inside a boiler decedent could work only in a sitting position because of space limitations. There was evidence that the temperature inside of a boiler when the same was being cleaned was above normal. To say that all this involved severe physical strain is certainly not an overstatement. Proof of this, if further proof was necessary, may be found in the fact that the work was *424 not performed by one man but by three men working in relays. A man remained inside the boiler only from twenty minutes to half an hour, rarely longer.
On the morning of December 24, 1946, decedent took his turn working inside a boiler. After he had been inside some five or ten minutes he blew his whistle as a signal that he wanted to come out. He pulled himself out and got on top of the boiler, where he collapsed. He died in a hospital the same day.
The medical testimony is unanimous on the proposition that decedent had a congenital aneurysm of the left cerebral artery, and that the cause of death was a rupture of the same, with subarachnoid and cerebral hemorrhage. The impartial specialist was of the opinion that the strain and exertion involved in decedent’s work caused the rupture of the aneurysm. There was other medical testimony to the effect that his work would cause an increase in blood pressure which would tend to cause a rupture.
The board found that decedent’s death resulted from accidental injuries arising out of and in the course of his employment. Appellants contend that there is no evidence to support such a finding, and that to the contrary the proof indicates clearly that decedent’s death was due to a condition and disease not related to his employment. They cite the definition of an accident as something extraordinary or catastrophic, assignable to a determinate or single act, identified in space or time (Matter of Lerner v. Rump Bros., 241 N. Y. 153).
As an abstract legal proposition undoubtedly this definition is unassailable. However whether an event is to be found an industrial accident is not to be determined by legal definition “ but by the common-sense viewpoint of the average man ” (Matter of Masse v. Robinson Co., 301 N. Y. 34, 37). Hence the issue almost invariably falls within the realm of fact, and if the facts and circumstances sustain, upon any reasonable hypothesis, the conclusion that an average man would view the event as accidental, then the determination of the board is final. We think such determinative facts and circumstances were presented in the instant case, and that common men would regard decedent’s injuries as accidental. At least we cannot say as a matter of .law that such is not the case. Applications of this principle, though often not expressed, are inherent in many decisions' (Matter of Bohm v. L. R. S. & B. Realty Co., 289 N. Y. 808; Matter of Soverscany v. New York Central R. R. Co., 245 N. Y. 543; Matter of Kayser v. Erie Co. Highway Dept., 276 *425 App. Div. 789; Matter of Sepos v. Van Epps Constr. Co., 265 App. Div. 1025, motion for leave to appeal denied 290 N. Y. 933; Feinberg v. Sheffield Farms Co., 264 App. Div. 967, motion for leave to appeal denied 289 N. Y. 853).
The award should be affirmed, with costs to the Workmen’s Compensation Board.
Bbewsteb, Deyo, Bebgan and Coon, JJ., concur.
Award affirmed, with costs to the Workmen’s Compensation Board.