This appeal from a decision and award of the Workmen’s Compensation Board presents only the question of whether or not claimant’s disability, diagnosed as coronary thrombosis, was due to an accidental injury arising out of and in the course of his employment. Claimant was a machine operator operating a machine which reduced scrap aluminum to aluminum powder. After the machine was stopped it was part of claimant’s duties to “pull” the machine. Claimant testified that this process consisted of lifting the machine, which weighed about one hundred pounds, by hand a distance of four inches and scooping out the powdered aluminum through a door at the base of the machine. In the course of his daily duties claimant was required to “pull” seven machines. On the day in question, while actually engaged in “ pulling ” the sixth machine, claimant felt a slight pain in his chest. He continued to work, however, and completed his quota of seven machines. The pain in his chest continued and claimant retired to the washroom. When he was about to return to his duties the pain became more severe and claimant was rendered unconscious and was ordered removed to a hospital by the employer’s superintendent. His condition was diagnosed as coronary thrombosis, causing total disability. There was no history of previous heart ailment. There is undisputed medical testimony that claimant’s disability from coronary thrombosis was causally related to the exertion of his work. Awards have been sustained in very similar cases where the claimant continued to work after the initial attack. (Matter of Carlin v. Colgate Aircraft Corp., 276 App. Div. 881; Matter of Weitz v. Schreiber Brewing Co., 275 App. Div. 973.) The principal contention of the appellants is that the claim is not compensable because there is a failure of proof of a “ sudden, unexpected and catastrophic event assignable to a determinate or single act identified in space and time ”. As we view the ease of Matter of Masse v. Robinson Go. (301 N. Y. 34), it is no longer necessary to bring the claim within the confines of such a strict legal definition. The record amply sustains the finding that the coronary thrombosis which resulted in claimant’s disability occurred while claimant was at work and was caused by the overexertion of his work. Decision and award unanimously affirmed, with costs to the Workmen’s Compensation Board. Present — Foster, P. J., Brewster, Deyo, Bergan and Coon, JJ.