In the Matter of the Claim of STEPHEN G. CLAYBACK, Respondent, against GLOBE WOVEN BELTING Co., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from an award of compensation for disability due to a heart attack in the nature of a coronary occlusion. Claimant was employed as a plant carpenter. His duties were generally to make minor repairs and alterations in the plant where he worked, and also on occasions to make harnesses for looms. In connection with the latter work he was required to operate a mortising machine once or twice a month for two or three hours at a time. The board found that this work required extra effort and exertion beyond that required of claimant in the performance of his ordinary daily duties. On January 10, 1951, while operating the mortising machine, claimant felt a pain in his chest. He stopped working for a short time and then resumed operating the machine, but the pain then became so severe that he was obliged to desist. At the hospital where he was taken his ailment was diagnosed as a coronary occlusion. The mortising machine in question was used to make square holes in wood with a power driven bit inside of a square chisel. While the bit was power driven the chisel had to be pressed through the wood manually. This was accomplished by pressing a foot lever at the front and bottom of the machine which was geared to a powerful spring. Tests made afterwards indicated that one hundred pounds of dead weight were required to depress the lever when ash wood was being bored. In operating the machine claimant placed his right foot on the lever and threw the entire weight of his body on it by lifting his left foot into the air. The medical testimony is conflicting but claimant's physician testified that the effort involved in operating the mortising machine caused the coronary occlusion which claimant suffered. Appellants argue that the incident was not an industrial accident because claimant was performing his regular work. The board held that the operation of the mortising machine was not a regular and continuous part of claimant's work; he used it only two or three hours a day every

third or fourth week. The test to be applied is whether the incident would be regarded as accidental according to the common sense viewpoint of the average man (*Matter of Masse* v. *Robinson,* 301 N. Y. 34). We cannot say as a matter of law that the board's application of this test in the affirmative is without any rational basis to support it. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.