■ In the Matter of the Claim of MARGARET FARRELL, Respondent, against L. B. CONSTRUCTION CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and insurance carrier from an award of death benefits in a heart case. The decedent was employed as a brick layer. In the course of his work, he usually handled ordinary bricks but on occasion he had to lay cinder blocks, some weighing 40 to 45 pounds each and others 60 pounds. Usually, two men handled the blocks but often one man did it, to avoid delay in the work. The decedent and the other employees complained that this work was very heavy. On the day he suffered the fatal heart attack, the decedent had seemed to be in normal health when he left his home to go to work. He later told his wife that while he was laying cinder blocks, he became dizzy and nauseous. He had apparently been laying blocks of the 40-45-pound type and the board so found. The decedent was hospitalized the next morning and he was found to be suffering from an acute myocardial infarction from which he subsequently died. The autopsy report showed a pre-existing arteriosclerotic heart disease of long standing but the disease had apparently been symptomless until the day of the attack. A medical expert sworn on behalf of the claimant testified that the "work which he performed on that day was in all probability the precipitating cause of the myocardial infarction". The appellant seeks to bring this case within the confines of *Matter of Burris* v. *Lewis* (2 N Y 2d 323) but this case differs from the *Burris* case in two material respects: (1) the work in which the decedent was engaged was strenuous work, obviously entailing exertion greater than "the ordinary wear and tear of life"; (2) there was evidence in this case of an acute infarction precipitated by the strain of the work on the day of the heart attack, whereas in the *Burris* case there was no evidence of "recent heart injury". While the board's finding that "the work was being pushed and hurried by the contractor"

at the time when the decedent suffered the heart attack may not be sustained by the evidence, there was sufficient substantial evidence, even without proof of pushing or hurrying, to sustain the board's conclusion that the decedent had suffered an accidental injury within the meaning of *Matter of Masse* v. *Robinson Co.* (301 N. Y. 34). Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.