█ In the Matter of the Claim of MARY BUSH, Respondent, against EMPIRE UTILITY CONSTRUCTION, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from an award of death benefits made by the Workmen's Compensation Board to the widow of a deceased workman. Decedent, a utility lineman, climbed a transmission tower over 50 feet in height in company with another lineman. After using a 10 pound bolt cutter to sever some wires he suffered a heart attack and fell to a crossarm some four or five feet below the top of the tower, where he was caught and held by his companion. His body was then lowered to the ground and some 15 or 20 minutes later a physician who had been summoned to attend him found that he had expired. The board found that due to unusual strain, exertion and arduous work, together with an underlying coronary condition, decedent was caused to suffer a coronary sclerosis with occlusion, which caused his death. Appellants challenge the award on the principle enunciated in the case of *Matter of Burris* v. *Lewis* (2 N Y 2d 323, 326) that where death occurs from the "ordinary wear and tear of life" the claim is not compensable. We do not agree that the facts of this claim bring it within the *Burris* case, or indeed that the *Burris* case should have the narrow construction that appellants seem to argue for. The majority opinion in that case stated specifically: " *Matter of Masse* v. *Robinson Co.* (301 N. Y. 34) overruled prior decisions that in order to be compensable, a heart attack must have been caused by a strain more severe than was imposed by the usual nature of the employee's work (e.g., *Matter of Dworak* v. *Greenbaum Co.*, 287 N. Y. 555; *Matter of La Fountain* v. *La Fountain*, 284 N. Y. 729), but the *Masse* case nevertheless requires that the regular job activity shall entail greater exertion than the ordinary wear and tear of life, and that the heart attack shall have been produced by the ' unusually hard' work thus demanded. * * * The *Masse* case decided that the precipitating cause need not be something more strenuous than the normal performance of the work demanded, provided that the ordinary course of the work was sufficiently strenuous to require more than normal exertion." Thus it may be seen that the *Masse* case was construed but not overruled in the *Burris* case. In the present claim it would be somewhat fantastic to say as a matter of law that the work decedent was doing when the fatal attack occurred was not "unusually hard work" or beyond normal exertion, and factually it was well within the competence of the board to find that it met the test required in both the *Masse* and *Burris* cases. The board had before it the testimony of decedent's attending physician who stated that the decedent had suffered previous to his death from arteriosclerosis heart disease. He had treated decedent for this condition and advised him that he must limit his physical activities. Despite this advice decedent apparently continued his work as a lineman. This physician also testified unequivocally that decedent's activity in climbing the tower caused sudden heart failure and death. It should be noted that the testimony of this witness was not to the effect that " any exertion " would have caused death, but rather the exertion in question. There is medical testimony to the contrary which merely made the issue one of fact. Under the circumstances we cannot say as a matter of law that decedent's death must be held to have been caused by the ordinary wear and tear of life. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.