■ In the Matter of the Claim of EDWARD W. WAGNER, Respondent, against CITY PRODUCTS CORPORATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the self-insured employer from a decision and award of the Workmen's Compensation Board. The claimant had worked for the employer herein for five years. At times he drove a truck delivering ice to various places. When he drove a tractor trailer the cakes of ice weighed 300–325 pounds. These were placed on the back of the truck and it was the claimant's job not to lift them but to slide them into place. It appears he occasionally drove a route truck on which he handled 50-pound bags of crushed ice. In addition to this he worked in the icehouse, sometimes exclusively and on other occasions after having finished driving a truck for the day. The work in the icehouse which the claimant characterized as " damn, hard " involved loading route trucks and trailers, shoving into place 300-pound cakes of ice which had just been made and clearing up the icehouse. On the morning of November 7, 1956 the claimant went to work at 6:00 A.M. He had been working solely in the icehouse for the preceding three weeks. He began loading route trucks which involved lifting 50-pound bags of crushed ice on to a cart.

The cart was placed close to the bags and the bags might have to be pulled a distance of six feet before being lifted on the truck. The claimant testified the drivers were in a hurry to load that morning as they usually were. He stated that after working 15 or 20 minutes he was lifting two of the 50-pound bags at the same time, which he very seldom did, when he experienced a pain in his shoulder and chest. The pain increased in intensity and the claimant left for home, stopping to rest several times on the way. At home he vomited and Dr. Carr was called to examine him. Dr. Kenny performed an electro-cardiogram and the diagnosis of coronary occlusion and myocardial infarction was made. The claimant was totally disabled until May 22, 1957. Two doctors testified for the claimant as to causal relationship. Dr. Carr admitted that coronary occlusions can occur without effort but in his opinion the lifting here was the competent producing cause of the occlusion. Dr. Kenny also admitted that coronary occlusions can occur without effort and that it was reasonable to assume an underlying sclerosis here but in his opinion the lifting contributed to the production of the infarction which the claimant sustained. The appellant produced two specialists who stated there was no causal relationship. In their opinion there was no extraordinary exertion or unusual effort. The Referee disallowed the claim finding no accidental injury. The board reversed the Referee and found causal relationship between the condition and the work being performed at the time the attack occurred. One member dissented saying the work only required the usual exertion. The essence of the appellant's argument is that the work being performed at the time of the attack required no greater strain than the claimant exerted at other times. This, of course, is not the test. The Court of Appeals recently stated in *Matter of Schechter* v. *State Ins. Fund* (6 N Y 2d 506, 510) that: "The phrase 'unusual or excessive strain', as sometimes used in describing these cases, is not so limited in its meaning as to include only work of an entirely different character from that customarily done. Simply stated, so long as the conditions of performing the work are such that an exceptional strain is imposed on the worker so great that his heart is affected and damaged thereby, the requirement of unusual or excessive strain is satisfied." There is substantial medical evidence here relating the occlusion and infarction to the work being performed at the time it occurred. It is further evident that exertion being expended by the claimant in lifting two 50-pound bags of ice was greater than that of the "ordinary wear and tear of life" and that this was hard physical work, regardless of whether or not it was harder than the work which the claimant usually performed (*Matter of Masse* v. *Robinson Co.*, 301 N. Y. 34; *Matter of Burris* v. *Lewis*, 2 N Y 2d 323; *Matter of Schechter* v. *State Ins. Fund*, 6 N Y 2d 506, *supra*; *Matter of Johnson* v. *Swift & Co.*, 10 A D 2d 656). Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.