■ In the Matter of the Claim of MARY STEFANIAK, Respondent, v. CHUDY PAPER CO., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board making an award of death benefits. The deceased employee worked as a warehouse foreman and it was not unusual for him to help load trucks. There is. evidence indicating that on the morning in question he loaded bundles weighing 60 or 70 pounds and that within 15 minutes he complained of being sick. He was taken home and while there, according to the testimony of his widow and son, told them that he had gotten a pain in his chest from lifting at work. The decedent died the same day at the hospital. An electrocardiagram showed a myocardial infarction. Two doctors expressed the opinion that there was causal relationship between the lifting and the decedent's death. They assumed an underlying heart disease and their testimony indicated that as a heart disease progresses, effort which was once normal can become abnormal and affect the heart. The appellants contend that there was no accident and that there is a lack of any substantial evidence indicating causal relationship. It makes no difference that the lifting was part of the decedent's normal work if the strain and effort involved was more than the ordinary wear and tear of life (*Matter of Masse* v. *Robinson,* 301 N. Y. 34; *Matter of Burris* v. *Lewis,* 2 N Y 2d 323). The' lifting of bundles weighing 70 pounds meets that requirement here and there was medical testimony of a substantial nature connecting the lifting to the heart attack which caused the decedent's death. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board.