In the Matter of the Claim of HELEN MILLER, Respondent, v. F & M SCHAEFER BREWING COMPANY et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board awarding death benefits to the wife and minor children of the decedent employee. The main issue raised on appeal is whether the board properly determined that the physical effort expended by decedent shortly before his death from a myocardial infarction entailed greater exertion than the ordinary wear and tear of life and thus could constitute an accident within the meaning of the Workmen's Compensation Law (*Matter of Burris* v. *Lewis*, 2 N Y 2d 323, 326). The record indicates that on the day of his death decedent reported to work at midnight and was assigned as a relief man on a manually operated "hand soaker". Normally automatic soakers were used but due to production schedules the hand machine was being utilized to implement the automatic machines. Decedent's duties consisted of lifting four bottles, two in each hand, weighing three to four ounces each from cases passing by on a conveyor belt at waist level and placing the same on a table where a chain pulled them into the soaker. Decedent was expected to remove roughly 24 bottles every minute and a half depending on the speed of the conveyor. While it was possible for the operator of the "hand soaker" to stop or reduce the speed of the conveyor, this had the effect of disrupting production on the floor above, so that such action was looked on with disfavor. The record also indicates that certain of the jobs in the shop consisted of just watching the conveyor belts to discover and remove broken bottles before they entered automatic soaking machines and to remove debris from the cardboard cartons and that it was customary to rotate assignments every half hour to more evenly distribute the physical labor. On the night of decedent's death, however, it worked out that decedent relieved three men in succession at the "hand soaker" and thus spent approximately an hour and a half straight at what it is claimed was the most laborious of the jobs involved in the shop. At the end of his hour and a half on the soaker the decedent felt ill but continued work emptying debris from cardboard cartons until at 2:00 A.M. when he became severely ill and was taken to the hospital where he died at 3:55 A.M. from what was diagnosed as a myocardial infarction. The medical testimony as to whether the alleged accident occurred and on causal relationship between the alleged accident and decedent's death is conflicting. Decedent had been admitted to a hospital in 1955 for treatment for acute cardiac failure associated with myocardial infarction. About six months after his release from the hospital dece-

dent began to experience such a marked and persistent anginal syndrome that he consented to an operation to relieve the pain. It is undisputed that decedent had an extensive and diffuse coronary arteriosclerosis of a permanent nature. In answer to hypothetical questions setting forth decedent's activities on the night of his death and his previous medical history, appellants' experts denied causal relation to decedent's work. Claimant's expert, however, testified unequivocally as to causal relation and specifically opined that while the lifting involved did not constitute a greater than normal exertion, the repeated and constant motion involved first in positioning himself to grab the bottles from the moving case and then in depositing them in the soaker for an uninterrupted period of an hour and a half constituted strenuous work to an ordinary man and to this man formidable work. On this record the board could find that decedent's activities prior to his death entailed greater exertion than the ordinary wear and tear of life and that there was causal relationship between decedent's activities and his death (*Matter of Masse* v. *Robinson Co.*, 301 N. Y. 34; *Matter of Geschwer* v. *Tee Jay Toys*, 15 A D 2d 615; *Matter of Jessup* v. *Jessup & Stevens Garage*, 12 A D 2d 699, affd. 10 N Y 2d 854). Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.