■ In the Matter of the Claim of Morris Brecher, Respondent, v. Bigger Press, Inc., et al., Appellants. Workmen's Compensation Board, Respondent. — Appeal by an employer and its carrier from a decision of the Workmen's Compensation Board reversing a decision of a Referee. The duties of claimant, a skilled pressman-foreman, consisted of the preparation of metal forms of type for use in color printing, each of which weighed about 40 pounds. The process required him to carry the forms from a rack to a printing press distant about six feet into the bed of which, located about three feet above the floor, they were then placed, adjusted and when necessary removed to make such corrections as would assure a proper color register in the printing operation. On November 6, 1958 claimant was engaged in preparing four such forms for use in printing a cookbook. He testified that on that day during a work shift of 10½ hours, including 2½ hours of overtime performed at the request of the employer, he, without the customary aid of a helper, lifted the forms about 25 times in the course of which he experienced in the early afternoon chest and arm pains which shortly thereafter disappeared but later recurred in lesser degree as he continued to work. He further testified that he left the place of employment about 7:30 in the evening and arrived at his home about one hour later shortly after which sharp pains developed in his left chest accompanied by nausea. A physician who was called found claimant in acute shock. That he suffered a myocardial infarction with resulting disability is conceded. Except for a discrepancy as to the time of the arrival of the physician, claimant's testimony is uncontradicted. Countervailing inferences which appellants draw from the failure to complain of the initial pain, his request to the employer to file a claim for disability benefits without advising it of the occupational factor involved, the delayed invocation of the remedy of compensation and the failure of the hospital chart to recount any history of pain while at work or of any work activity associated with the onset of his symptoms given either by claimant or a member of his family bear only on the question of claimant's credibility which was strictly within the province of the board. (*Matter of Millefiore* v. *United States Cas. Co.*, 16 A D 2d 1015; *Matter of Van De Walker* v. *Syracuse Bowling Center*, 16 A D 2d 728; *Matter of Manolakis* v. *Edison S. S. Corp.*, 15 A D 2d 845; *Matter of Brenner* v. *Utilities Laundry*, 14 A D 2d 626.) Essentially the fact pattern here is similar to that of many heart cases in which we have affirmed awards. (See, e.g., *Matter of Geschwer* v. *Tee Jay Toys*, 15 A D 2d 615.) There is substantial evidence to support the board's finding of accidental injury. (*Matter of Masse* v. *Robinson*, 301 N. Y. 34.) The choice of one of two conflicting medical opinions as to causality was within the fact-finding power of the board (*Matter of Palermo* v. *Gallucci & Sons*,

5 N Y 2d 529). Decision and awards unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Reynolds and Taylor, JJ.