(March 4, 1964)

█ In the Matter of the Claim of ESTHER HAWTHORNE, Respondent, v. EAGLE DELIVERY TRUCK RENTING CORP. et al, Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by the employer and carrier from an award in a heart case. The decedent, a garage mechanic, on January 12, 1959 was engaged in the performance of his usual duties in the employer's garage when he complained to a fellow employee of "hurting in the chest", rested a few minutes and then returned to his work. When last observed, he was "working inside the hood of a truck" and shortly thereafter he was found dead on the floor in the garage office. His wife testified that while the decedent never complained of chest pains, he had told her that he was "constantly tired". The record further shows that on numerous occasions decedent had worked overtime and that on the date of his death, he had gone to work early. There is no evidence that decedent had knowledge of any prior heart condition although the autopsy showed prior heart pathology. The finding of the board so far as pertinent to this appeal stated: "Decedent's work as a truck mechanic involved activity more than the ordinary wear and tear of life. It may be reasonably inferred that decedent's work was strenuous. The Board finds that this strenuous work requiring more than normal exertion and involving long working hours with its prolonged fatigue causing decedent to suffer aginal pain, and the continuance of such strenuous work with subsequent collapse and death, constitutes an accidental injury within the meaning of the law." What constitutes an industrial accident is set forth in *Matter of Masse* v. *Robinson Co.* (301 N. Y. 34, 37) where the court said: "Whether a particular event was an industrial accident is to be determined, not by any legal definition, but by the common-sense viewpoint of the average man." (See, also, *Matter of Burris* v. *Lewis,* 2 N Y 2d

323; *Matter of Hudson* v. *Waddington Constr.*, 14 A D 2d 463.) To affirm on the facts in the present record would be to say that the work of an automobile mechanic per se is sufficiently strenouous to meet the test. While the work of an automobile mechanic is at times strenuous, there are many occasions when the type of work required is not such. This would be so where a mechanic is checking a headlight bulb, testing a battery or a spark plug, examining a wire or repairing a horn. The absence of definitive findings as to the nature and type of work done by the decedent at the time of his seizure mandates reversal. The finding made by the board does not support its deduction " It may be reasonably inferred that decedent's work [automobile mechanic] was strenuous ". *Matter of Schechter* v. *State Ins. Fund* (6 N Y 2d 506) is not applicable. Decision reversed and matter remitted for further consideration, with costs to the appellants against the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.