█ In the Matter of the Claim of TERESA MAHER, Respondent, v. AGAWAN AIRCRAFT PRODUCTS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and its insurance carrier from a decision and award of death benefits on the grounds that there is no substantial evidence to sustain the board's finding of an industrial accident.

On December 22, 1960 decedent, aged 57, suffered a fatal myocardial infarction while making a bank deposit on his employer's behalf. There is testimony that decedent's duties as general office manager entailed considerable responsibility and that he was conscientious and loyal in the performance of his work. There is also testimony that decedent's superior was an " exacting man " and that the job entailed nervous tension. Further there is proof that to get to his office decedent had to climb a steep flight of 18 stairs and that he did so usually twice a day though on occasion more often. The medical evidence contains the usual conflict with claimant's expert testifying that his work activities after a previous attack in October of 1959 hastened his demise while the carrier's expert thought both the 1959 attack and fatal attack were due solely to arteriosclerotic heart disease and were in no way connected with decedent's work activities. Appellants' position is that from the common-sense viewpoint of the average man (*Matter of Masse* v. *Robinson*, 301 N. Y. 34), decedent's job activities did not require "greater exertion than the ordinary wear and tear of life". (*Matter of Burris* v. *Lewis*, 2 N Y 2d 323, 326.) Of course, the fact that the activities involved were decedent's regular and ordinary duties is not dispositive (*Matter of Schechter* v. *State Ins. Fund*, 6 N Y 2d 506, 510). Nevertheless, there is nothing in the present record which would distinguish decedent's employment from that of any other office manager. The job while challenging, exacting and entailing nervous tension was sedentary (see *Matter of Stang* v. *Peckman & Co.*, 7 A D 2d 245). Nor is the physical activity required in climbing up and down the flight of 18 steps at least twice a day sufficient to change the result. In addition, there is no evidence, except the hearsay statement by decedent's widow, that decedent actually experienced any unusual strain, either physical or emotional, prior to his demise. Nor is there any evidence of friction in the office (cf. *Matter of Klimas* v. *Trans Caribbean Airways*, 10 N Y 2d 209). Therefore, we must conclude that the finding of an accident arising out of and in the course of employment and resulting in death is not sustained by substantial evidence. Decision reversed and claim dismissed, with costs to appellants against the Workmen's Compensation Board. Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.