## (December 11, 1964)

■ In the Matter of the Claim of REBECCA MANDELBLATT, Respondent, v. GOLD STAR BAKING CORP. et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Per Curiam. Decedent's collapse from acute heart failure, immediately after trying to negotiate a bulky carton of awkward size through a small doorway, after carrying the carton upon his shoulder from a parking lot, seems indicative of, and identifiable as, an accident, to which was contributory, also, the cumulative effect of exertion on that day, commencing at 4 or 5 o'clock in the morning when decedent, a route salesman for a wholesale bakery, began to pack bakery products, to an aggregate of 250 pounds in weight, into individual containers which he then loaded into a truck from which he made deliveries at some 30 stops on his assigned route. Returning to his job three days later, he worked but a brief time, packaging his orders and loading the truck, when he collapsed and died. There was adequate medical evidence of causation which the board was entitled to accept. The finding with respect thereto was adequate, as were the detailed factual findings preceding it. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Aulisi and Hamm, JJ., concur; Reynolds, J., dissents in the following memorandum: I cannot agree with the majority's affirmance. First, the finding of the divided board is legally insufficient. There is no finding that decedent's work activities of the day, and specifically getting a carton the size of a "beer case" containing rolls and weighing 2 or 3 pounds through a doorway, constituted arduous work for the average man and was thus compensable (Matter of Rollo v. Geneva Forge, 22 A D 2d 726). Although immaterial and without substance there is not even a finding or any evidence as to carrying this light carton on his shoulder from a parking lot. The mere finding of causal relationship between such activities and the coronary thrombosis and the conclusory statement that there was " an accidental injury arising out of and in the course of employment" are not sufficient. There must be a finding of unusual strain (Matter of Masse v. Robinson, 301 N. Y. 34) or that the ordinary course of decedent's labors was " sufficiently strenuous

to require more than normal exertion." (*Matter of Burris* v. *Lewis,* 2 N Y 2d 323, 326.) And, further, in so finding the work must be evaluated from the viewpoint of the ordinary man and not in the light of decedent's pre-existing heart condition (e.g., *Matter of Bosted* v. *Larsen Baking Co.,* 19 A D 2d 924; *Matter of Traversone* v. *Lee Bros. Stor.,* 17 A D 2d 175; *Matter of Bloom* v. *Cohen & Son,* 16 A D 2d 841). It is important here to point out that a fair appraisal of Dr. Burstein's testimony, the only medical doctor in the record to testify to causal relationship, is that this unfortunate man should have been doing no work at all. The doctor testified: "The man's condition was so precarious that even a little exertion or work could do something which in a more normal person would mean nothing", and again, "I can't tell you with extreme accuracy what would trigger the attack  *  *  *  I might say, if he was resting, the likelihood of an attack would be much less." The doctor was not even sure what the man was doing at the time of the alleged accident. "He had been working in the morning and had an awkward box to lift under the table." The bases therefore of his opinion is without any legal foundation — there is no testimony and no contention of any "awkward box being lifted under a table." Dr. Whipple the Coroner testified: "Q. Doctor, would any work activity have contributed to his death, bearing in mind this claimant's medical condition? A. Any activity; being out of bed, up and around is activity." It is also important to note that there is no testimony of an acute heart failure on June 25, 1961, the date of the incident. This occurred three days later at work on June 28. His attending physician told him not to work months before in 1960 and emphatically told him not to work while treating him for cardiac decompensation on and following June 25, 1961. After the incident he also directed decedent to become hospitalized which claimant refused to do. There is definitely no way to ascertain from the present decision if the board based its finding of accidental injury on the proper criteria. Secondly, assuming *arguendo,* that the board's finding is sufficient, there is no substantial evidence to support the finding of an industrial accident. This finding of the divided board that there was an accident here on entering the doorway is a real trip into fantasyland. The testimony as to the size of the box being carried finally resulted in one witness describing the box as the size of a "beer carton" and the other "a little box". It is undisputed that the box and the order of rolls weighed two or three pounds. Decedent's normal activities as a routeman are not strenuous (cf. *Matter of Domash* v. *Standard Coat, Apron & Linen Serv.,* 11 A D 2d 575). To hold so would mean that any wholesale bakery routeman's normal activities are sufficiently strenuous to support the finding of an industrial accident (see *Matter of Hawthorne* v. *Eagle Delivery Truck Renting Co.,* 20 A D 2d 824). Additionally decedent worked only a five-day week, less than the other employees, and did less work per day than the average routeman. It was understood that his lessened work activities were caused by the cardiac condition and that he intended to retire shortly because of his poor health. Following the entering of the door at some point decedent fainted. The record shows, and this is very significant, that he told the customer not to worry about the incident *as it has happened many times before.* He thereafter refused medical attention. There was no evidence or contention that an acute heart failure occurred at this time. An acute heart failure occurred three days later as evidenced by the Coroner's certificate. There is no basis for the statement that the cumulative effect of exertion beginning at four or five in the morning was contributory to identification of the incident as an accident. This is not proof of long hours or a long day, or proof of any arduous or strenuous work. The uncontradicted evidence is markedly to the contrary. Decedent's total load

on the truck was roughly 250 pounds, but there is no evidence that he ever lifted more than a fraction of this at one time as delivery was spread over many customers in packages weighing two or three pounds on the average. Nor would the average man find an unusual strain in decedent's difficulty in getting this carton through a doorway. This effort would not be arduous or constitute a challenge to a child of tender years. The inadvertent characterization of the doorway in the majority opinion as "small", is misleadnig. This was not even found by the board majority. There is no evidence in the record as to the measurements of the doorway. The description of a witness that the doorway was a "little" small means nothing. Such evidence cannot serve as a basis upon which to support an award. In sum there is no evidence or findings to support the statements that decedent *collapsed from acute heart failure immediately after trying to negotiate a bulky carton of awkward size through a small doorway or that he had carried this small carton on his shoulder from a parking lot or that he had long working hours or that his work was arduous or strenuous in any sense of the words.* Decorating the minor incident, which the evidence clearly substantiates as such, with the above verbiage only points up the absurdity of the attempt to find the maneuver of getting this small cardboard box weighing two or three pounds through a door as an accident. The board member who found that the death was due to the pre-existing condition of the deceased and that the work activities of the deceased did not contribute in any way to the death and further that deceased did not sustain an accidental injury arising out of and in the course of the employment and that there was no causal relation between the death, and the work activities was eminently correct. There is no substantial evidence in the record to the contrary. The decision and award should be reversed and the claim dismissed.