■ In the Matter of the Claim of ESTHER R. POST, Respondent, v. WALLAUER PAINT CO., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and its carrier from a decision and award of death benefits by the Workmen's Compensation Board on the grounds that there is no substantial evidence to support the board's finding of accident and causal relationship. On August 2, 1961 decedent, a paint salesman, experienced chest pains while assisting in unloading and placing on appropriate shelves a shipment of about 100 to 120 cartons of paint. These cartons weighed from 11 to 60 pounds, depending on the

size containers involved, and were wheeled via a handcart, 4 at a time, a distance of approximately 30 feet along a level surface. This attack subsided, and decedent continued working, until August 10, 1961 when the chest pains reoccurred. Then for the first time he consulted a physician who diagnosed "myocardial disease, left ventricular strained and anterior wall myocardial infarction." A second electrocardiogram taken on August 28, 1961 confirmed this diagnosis and showed further cardiac changes. Decedent was immediately hospitalized and remained so until September 16, 1961. About one month later on October 18, 1961 decedent died from what was diagnosed as "Acute coronary thrombosis. Previous myocardial infarction." The board could properly find that decedent's activities on August 2, 1961 constituted arduous work within the meaning of Matter of Masse v. Robinson (301 N. Y. 34) and Matter of Burris v. Lewis (2 N Y 2d 323). We cannot say that the average man could not so find. The fact that decedent was performing his usual activities is, of course, not controlling (Matter of Pickhardt v. Heist Ohio Corp., 20 A D 2d 737). Similarly the question of causal relationship is factual, and although the medical evidence was conflicting, the board's determination is supported by substantial evidence and must therefore be sustained (Matter of Palermo v. Gallucci & Sons, 5 N Y 2d 529). Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Taylor, Aulisi and Hamm, JJ., concur.