█ In the Matter of the Claim of ANNA DREWS, Respondent, v. BLUE RIBBON FISH Co., INC., et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent. — REYNOLDS, J. Appeal by the employer and its carrier from a decision and award of

death benefits by the Workmen's Compensation Board and from a decision of the board discharging the Special Disability Fund from liability under the provisions of subdivision 8 of section 15 of the Workmen's Compensation Law. On May 1, 1961 decedent, a 56-year-old journeyman at the Fulton Fish Market, collapsed while pushing a hand truck loaded with approximately 300 pounds of fish. He was rushed to a hospital but was dead on arrival. A medical examiner's report listed the cause of death as occlusive coronary arteriosclerosis. Appellants assert first that there is no substantial evidence to support the board's finding that an "unusual and strenuous" work effort caused decedent's death. The record, however, indicates that decedent had made approximately from 7 to 10 similar deliveries in the half hour prior to his death. The work also entailed lifting and handling heavy boxes. On this record we cannot say that the board could not find this work strenuous and arduous. There is medical testimony that this effort was causally related to decedent's death. We, therefore, find sufficient evidence on which the board could determine that an industrial accident was involved under the test set out in *Matter of Masse* v. *Robinson* (301 N. Y. 34) and *Matter of Burris* v. *Lewis* (2 N Y 2d 323) (see *Matter of Post* v. *Wallauer Paint Co.*, 22 A D 2d 981). Appellants claim the medical testimony is speculative and that the real cause of decedent's death was a pre-existing coronary pathology. We find, however, that the testimony herein is sufficient under *Matter of Ernest* v. *Boggs Lake Estates* (12 N Y 2d 414) and thus all that is involved is a factual dispute over conflicting medical evidence on which the board's resolution is final (*Matter of Palermo* v. *Gallucci & Sons*, 5 N Y 2d 529). Similarly we find only a factual issue in connection with appellants' claim that the Special Fund should not have been discharged from liability under subdivision 8 of section 15. To assess liability against the Fund there must be both knowledge by the employer that the employee had a pre-existing permanent impairment and an informed judgment by the employer that the impairment "was or was likely to be a hindrance to continued employment" (*Matter of Miller* v. *Fordham Glass Works*, 20 A D 2d 945, 946). On this record the board was not bound to find that the employer had sufficient knowledge regarding the nature and extent of the pre-existing impairment, including its permanency, and had made an informed judgment to continue decedent in employment despite such condition (*Matter of Miller* v. *Fordham Glass Works, supra*; *Matter of Zyla* v. *Juilliard & Co.*, 277 App. Div. 604). Decisions affirmed, with one bill of costs to respondents filing briefs. Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.