In the Matter of the Claim of ANTHONY RIGGIO, Respondent, v. PLANET CONSTRUCTION Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— *Per Curiam.* Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board and an award of disability compensation. The employer was engaged in remodeling an old school building in the Mill Basin area of the City of New York which necessitated the erection of temporary structures in the construction of which aluminum panels 16 to 20 feet long, 4 feet in width and of 3-inch thickness were used. Some of the panels weighed 300 pounds and the weight of others varied between 150 and 200 pounds. Painted and ready for installation they were delivered to the jobsite in a trailer from which they were removed and placed in piles. At about 4:00 P.M. on August 27, 1962 while directing a four-man crew engaged in removing the panels from the trailer, claimant was "hit * * * on the head" by one of them. To complete the unloading operation claimant and the crew continued to work about two hours beyond the normal quitting time of 3:30 P.M. There was testimony that upon reaching his home claimant experienced difficulty in parking his automobile and that in conversing with his wife following dinner his answers to her questions were irrelevant. She testified of feeling his arm resting heavily on her body during the night and that "it fell very heavy" after she had shifted its position. Upon arising at about 6:30 A.M., she found claimant sitting at the kitchen table and noticed that "there was something wrong." She summoned the family physician who directed claimant's removal to a hospital where it was found that he had suffered a cerebral thrombosis with resultant hemiplegia, hemiparesis and motor aphasia which have completely disabled him. In our view claimant's evidence sufficiently established that he had sustained an industrial accident within the meaning of the Work-

men's Compensation Law. (*Matter of Ussach* v. *Carolee Shops,* 282 App. Div. 902; *Matter of Simon* v. *Columbia Pictures Corp.,* 8 A D 2d 563; *Matter of Abrahams* v. *Acme Offset & Print. Co.,* 16 A D 2d 847; *Matter of Masse* v. *Robinson,* 301 N. Y. 34.) We can see in Doctor Reder's testimony causally relating claimant's cerebral thrombosis to his employment no such deficiency as contended for by appellants. (*Matter of Palermo* v. *Gallucci & Sons,* 5 N Y 2d 529; *Matter of Ernest* v. *Boggs Lake Estates,* 12 N Y 2d 414.) Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.