In the Matter of the Claim of KATHERINE GANNON, Respondent, v. CITY OF POUGHKEEPSIE, DEPT. OF PUBLIC WORKS, et al., Appellants. WORK-MEN'S COMPENSATION BOARD, Respondent.— STALEY, JR., J. Appeal from a decision of the Workmen's Compensation Board which held that the decedent died as a result of an accidental injury arising out of and in the course of employment. Decedent was employed as a maintenance employee by the City of Poughkeepsie, New York. He regularly worked a five-day week, but because of a snowstorm, he was called to work on Saturday, February 2, 1963. On that day, he commenced work at 7:00 A.M. and, thereafter, while attempting to open a garage door, he was struck on the shoulder by a large spring that broke loose. He continued to work loading a sand truck which required him to climb up on top of the load and break up frozen lumps of sand, or kick the lumps that could not be broken up off the grid of the truck, and to ride in the truck to the location where the sanding was to be done. About five truck-

loads of sand were used, and approximately 20 trips were taken during the day. About 4:30 P.M., while he was riding in the truck, he started foaming at the mouth, and he died shortly thereafter of coronary thrombosis. The board found that the medical evidence in the record indicated that death from coronary thrombosis was causally related to the strenuous work effort performed by the decedent on February 2, 1963, together with the trauma to the shoulder. The decedent had been in good health prior to his sudden death, and the autopsy showed heart damage in the form of a fresh intraluminal thrombus. Dr. Gibbs and Dr. Goldstein, testifying for the claimant, stated that the strenuous physical exertion that the decedent was subjected to on February 2, 1963, precipitated his fatal heart attack and, in Dr. Gibbs' opinion, the trauma to the shoulder also contributed to the cause of his death. The manual labor performed by the decedent on an overtime day breaking up frozen lumps of sand in cold, freezing weather was more than normal exertion. There is substantial evidence in the record to support the findings that decedent's strenuous work and the blow to his shoulder constituted accidental injuries arising out of and in the course of his employment, and that there was a causal relation between the death and the injuries sustained. (*Matter of Masse* v. *Robinson Co.*, 301 N. Y. 34; *Matter of Schechter* v. *State Ins. Fund*, 6 N Y 2d 506.) Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in a memorandum decision by Staley, Jr., J.