Vait Vookhis and Scileppi, JJ.
(dissenting). We dissent and vote to reverse and to dismiss the claim. Even if dancing the twist at the close of a long evening be regarded as arising out of and in the course of his employment, there is no substantial evidence that this was the cause of his death. His wife, who is the witness to his alleged indisposition at the party, raised no objection to his driving the automobile home after the party (although she had an operator’s license), or to his afterwards *245 driving the baby-sitter home, all of which was done when he had apparently suffered no previous disabling ill effects. The onset of the heart attack did not occur until after he had returned to his home the second time, and after he had retired for the night and after he had attempted to perform the marital act. Under these circumstances, to ascribe the cause of his death to the company party is without foundation in the record and the claimant’s experts’ opinion to that effect is pure speculation. This was not an industrial accident from the “ common-sense viewpoint of the average man ” (Matter of Masse v. Robinson Co., 301 N. Y. 34, 37).
Chief Judge Fuld and Judges Burke, Keating and Breitel concur with Judge Bergan ; Judges Van Voorhis and Scileppi dissent and vote to reverse and to dismiss the claim in a memorandum.
Order affirmed, with costs to respondent Workmen’s Compensation Board.