■ In the Matter of the Claim of JACK SEGALL, Respondent, v. ATLANTIC LINOTYPE Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD et al., Respondents.— REYNOLDS, J. Appeal by the employer and its carrier from a decision and award of the Workmen's Compensation Board on the ground that there is no substantial evidence to support the board's finding that claimant's work activity on December 3, 1964 precipitated a myocardial infarction. The board on the instant record could properly have found that the exertion

involved in claimant's performance of his employment activities on the third of December met the test of *Matter of Masse* v. *Robinson Co.* (301 N. Y. 34). However, to recover causal relationship must also be established by substantial medical proof (*Matter of Burris* v. *Lewis,* 2 N Y ,2d 323; *Matter of Owens* v. *McGovern,* 309 N. Y. 449). Appellant's expert, Dr. Cutler, denied causal relationship and contended instead that, claimant's difficulty was due solely to the development of a pre-existing congestive heart failure. Clearly, the existence of a pre-existing pathology would not preclude an award (*Matter of Schechter* v. *State Ins. Fund,* 6 N Y 2d 506), but Dr. Cutler maintained his opinion of no causal relationship despite the activities engaged in by claimant on December 3. Of course, if there also were substantial medical testimony that causal relation did exist there would be no more than the usual conflict, the resolution of which would properly be left for the board (Workmen's Compensation Law, § 23). The board in reaching its decision relied on reports and testimony of Dr. Scheinberg, who testified to causal relationship between the December third work activities of this claimant and claimant's disability. While there is no medical testimony linking the December 3 work activities to a myocardial infarction, and such a finding is erroneous, we have here an actual rupture of a muscle in the heart, "chordae tendineae" during work activities on December 3 which produced a heart murmur which in turn caused the progressive shortness of breath and the other symptoms. The actual rupture during these strenuous lifting activities constituted an accident, produced the symptoms and the disability. (*Matter of Reed* v. *Brookhiser,* 8 A D 2d 895; *Matter of Sawatzki* v. *Friedman,* 4 A D 2d 907, mot. for lv. to app. den. 3 N Y 2d 710; *Matter of Brancato* v. *Cowper Co.,* 282 App. Div. 752, mot. for lv. to app. den. 306 N. Y. 979; *Matter of Kayser* v. *Erie County Highway Dept.,* 276 App. Div. 789.) Accordingly, the award must be affirmed. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Reynolds, J.