■ In the Matter of the Claim of SARAH SCHUREN, Respondent, v. ROSE WOLFSON et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— COOKE, J. Appeal from a decision of the Workmen's Compensation Board, filed June 20, 1968. Claimant's husband, a 68-year-old private chauffeur, on June 20, 1966 drove an automobile to the front stoop of his employer's house to collect four pieces of baggage placed there by the housekeeper, opened the trunk lid, and assisted said coemployee in carrying an overseas case, weighing between 70 and 75 pounds, a "few feet," or "about three steps" to the trunk. As the housekeeper was placing the lighter items of luggage in the car, the chauffeur collapsed and passed away, the death certificate listing atherosclerosis of cononary arteries as the cause of death. Decedent had been under the care of Dr. Somberg, an internist, for cardiac problems since 1961, in 1963 sustained an acute myocardial infarction requiring hospitalization and medication, in May of 1966 was hospitalized for 12 days for congestive heart failure and thereafter was seen by his physician four times, the last being three days prior to death. Dr. Somberg stated that the death was "an expected result" of the disease for which he treated. Dr. Shub, an internist and heart specialist, testified that decedent "was pretty much totally disabled and should not have been performing any physical labor whatsoever", that "the lifting of a suitcase * * * weighing seventy to seventy-five pounds with another individual so that they would have been sharing the weight which would add up to thirty-five or a little bit more pounds is in my opinion not very strenuous effort for the average individual", but "for this individual with this history of disease and its complications it was strenuous effort", and that in his opinion "this fatal cardiac episode was responsible for bringing on his death and he should not have been performing work even of this nature." A heart attack, brought on by overexertion or strain and suffered in the course of employment, is compensable only if the regular job activity shall entail greater exertion than the ordinary wear and tear of life and the heart attack shall have been produced by the "unusually hard" work thus demanded (*Matter of Burris* v. *Lewis,* 2 N Y 2d 323, 326; *Matter of Masse* v. *Robinson Co.,* 301 N. Y. 34; *Matter of Brown* v. *Highways Displays,* 30 A D 2d 892), the work involved being evaluated with reference to the ordinary man and not a particular worker (*Matter of Dreier* v. *Gordon Cleaning Corp.,* 26 A D 2d 331, 332; *Matter of Estate of Rollo* v. *Geneva Forge,* 22 A D 2d 726; *Matter of Bosted* v. *Larsen Baking Co.,* 19 A D 2d 924; *Matter of Traversone* v. *Lee Bros. Stor.,* 17 A D 2d 175). The record does not contain substantial evidence to sustain the finding of the board (*Matter of Burris* v. *Lewis,* 2 N Y 2d 323, 325–326, *supra*; *Matter of Owens* v. *McGovern,* 309 N. Y. 449, 453; *Matter of Nicotera* v. *Dorn's Transp.,* 30 A D 2d 735; *Matter of Segall* v. *Atlantic Linotype Co.,* 29 A D 2d 812, mot. for lv. to app. den. 21 N Y 2d 646). Decision reversed and claim dismissed, with costs to appellants against the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Greenblott and Cooke, JJ., concur in memorandum by Cooke, J.