■ In the Matter of the Claim of ANN McCORMICK, Respondent, v. GREEN BUS LINES, INC., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the self-insured employer from a decision of the Workmen's Compensation Board awarding death benefits to the claimant-widow on the ground that there is no substantial evidence to support the board's decision that the decedent's death arose out of or in the course of his employment. Decedent, a bus driver for appellant, died on July 20, 1964 from congestive heart failure. The board in reversing the Referee's disallowance of the claim found "that decedent performed strenuous work on July 17, 1964 involving driving a bus in a beach area on a hot summer day, with numerous turns and stops over a patchy and bumpy road, that this strenuous work precipitated an irreversible type of cardiac failure from which decedent died and constitutes an accidental injury arising out of and in the course of employment." While we recognize the factual nature of this determination, we, nevertheless, feel that reversal and dismissal of the claim is mandated by the instant record. In our opinion there is no substantial evidence to support the board's finding that decedent performed "strenuous work". To constitute strenuous work the activities involved must from the standpoint of the average man be sufficiently arduous to entail "greater exertion than the ordinary wear and tear of life" (Matter of Burris v. Lewis, 2 N Y 2d 323, 326; Matter of Hudson v. Waddington Constr., 14 A D 2d 463; Matter of Masse v. Robinson Co., 301 N. Y. 34). Here the board finds such "strenuous work" on the basis of decedent driving his bus on "a hot summer day, with numerous turns and stops over a patchy and bumpy road". But while the board noted the temperature did rise in the 80's on the day in question, for most of the time when decedent was working (5:30 A.M. to 1:30 P.M.) it was in the low 70's. Nor is the claimed exertion in maneuvering the bus supported by the record which reveals rather that while a bus has a steering radius three times that of a passenger car it also.

has a gear ratio by which one pound of pressure produces 25.6 pounds at the steering wheel, whereas in a car one pound produces only 10 pounds. The exertion involved is thus not substantially more than in driving a passenger vehicle. This is the undisputed expert testimony. The record discloses nothing more than a routine bus run. The decedent worked his normal tour and quit at the usual time. To affirm on this record would be to say that merely working as a bus driver is per se sufficiently strenuous to be greater exertion than the ordinary wear and tear of life. Decedent made no complaint to his employer or to any of his coemployees with regard to the work that day, and his daughter testified that after the completion of his run he drove her home. He was not treated by a physician until the following day, July 18, 1964, and was then admitted to the hospital. Moreover, we would note that decedent had a lengthy history of heart ailments including two periods of hospitalization for cardiac failure within three years of his death. All of the doctors agreed that the underlying condition in and of itself, without the intervention of work activity, could have progressed spontaneously causing the decedent's death (see, e.g., *Matter of Dreier* v. *Gordon Cleaning Corp.*, 26 A D 2d 331 and cases cited therein; and, see also, *Matter of Bloom* v. *Cohen & Son*, 16 A D 2d 841, 842). While, of course, the fact that decedent had a pre-existing heart condition does not prevent an award, it is still a factor to be weighed and gains particular importance here where the cause of death concededly involved no new lesion. The appellant also contends that the hearsay testimony of the widow is not corroborated by the record, but we do not need to reach this issue. Decision reversed and claim dismissed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Reynolds, J.