■ In the Matter of the Claim of LAWRENCE McLOUGHLIN, Respondent, v. NEW ROCHELLE HOSPITAL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board on the grounds that there was no accident within the terms of the Workmen's Compensation Law and no substantial medical evidence of causal relation. On March 14, 1967 claimant, a laboratory technician whose duties required that he stop at patients' homes on the way to work at the employer's hospital and take blood samples, left home about 7:00 A.M. with four stops to make before reporting to work at 8:30 A.M. The first stop was made with dispatch and without incident but while driving to the home of a second patient claimant developed a mild pressure pain and broke into a cold sweat. He pulled off the road and when the pain abated drove to the second home. When he arrived at the second home the pain returned, a physician was called and claimant was hospitalized with what was diagnosed as a posterior wall myocardial infarction secondary coronary thrombosis. The majority of the board found that claimant "was under pressure to make those trips rapidly in order to be on time at the hospital because his work there was not covered by anyone else" and that "such activity and work circumstances resulted in great tension, entailing greater stress and

strain than the ordinary wear and tear of life". The decision as to whether claimant's activities constituted "strenuous" work within the meaning of *Matter of Masse* v. *Robinson Co.* (301 N. Y. 34) and *Matter of Burris* v. *Lewis* (2 N Y 2d 323) is, of course, factual but, nevertheless, we feel that the instant record contains no substantial evidence to support the board's determination and thus reversal and dismissal of the claim is mandated (*Matter of McCormick* v. *Green Bus Lines*, 33 A D 2d 630). To constitute strenuous work the activities involved must from the standpoint of the average man be sufficiently arduous to entail "greater exertion than the ordinary wear and tear of life" (*Matter of Burris* v. *Lewis, supra*, p. 326; *Matter of Hudson* v. *Waddington Constr.*, 14 A D 2d 463). It is unquestioned that claimant had been routinely taking blood samples on his way to work for two or three years. And there is nothing which would indicate that the activity of going to the patient's home or taking the blood samples was "strenuous". Nor does there appear any support for the board's conclusion as to "tension" or "pressure". While claimant had four patients to visit before arriving at work at 8:30 A.M. as opposed ordinarily to only one or two patients, he left for his task about 7:00 A.M. and the total distance to be traveled was not shown to be extensive or the time involved in taking the samples excessive. Moreover, and in any event, any alleged tension or pressure clearly was not in excess of the normal wear and tear of life. We do not pass on the additional issue of causal relationship raised by appellant. Decision reversed and claim dismissed, with costs to appellants against the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Reynolds, J.