█ In the Matter of the Claim of the ESTATE OF CHARLES ROLLO, Deceased, Respondent, v. GENEVA FORGE, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

REYNOLDS, J. Appeal by the employer and its carrier from a decision and award of death benefits on the grounds that there is no substantial evidence of accidental injury or that death was causally related to any unusual strain or incident of employment. The majority of the board has found as follows: "A majority of the Panel finds that in the presence of the underlying atherosclerotic heart disease here, the increased physical effort required of decedent (who was regularly previously employed as a warehouse foreman) in carrying out his assigned duties during the period from February 16, 1962 to March 22, 1962 in connection with the dismantling of the employer's Geneva plant, the activities of which involved tearing down partitions, handling steel, hauling lumber, packing boxes and loading trucks, and particularly the extra effort he was required to expend on the morning of March 22, 1962 in knocking down a partition which had to be pried apart at the ceiling level with a pinch bar, which particular effort was followed by complaints of chest pain, aggravated the already poorly nourished and diminished coronary circulation to the point that the arteries could no longer supply the needed oxygen and thus was a definite contributing factor in the death on the afternoon of March 22, 1962." This finding is legally insufficient and the case must be reversed and remitted. Had the board found that on March 22, 1962 decedent was tearing down a partition at ceiling level with a bar and that such work activity constituted arduous work for the ordinary man which was properly connected by medical evidence of causal relationship we would have affirmed. An award would be proper if there is a finding of unusual strain (*Matter of Masse* v. *Robinson,* 301 N. Y. 34) or that the ordinary course of decedent's labors was "sufficiently strenuous to require more than normal exertion" (*Matter of Burris* v. *Lewis,* 2 N Y 2d 323, 326); but only if in so finding the work involved is evaluated from the viewpoint of the ordinary man and not in light of decedent's particular condition (e.g., *Matter of Traversone* v. *Lee Bros. Stor*

17 A D 2d 175; *Matter of Bloom* v. *Cohen & Son*, 16 A D 2d 841). Here as in *Matter of Bosted* v. *Larsen Baking Co.* (19 A D 2d 924) the issues are not so limited as to remove all doubt as to the basis of the board's determination, nor is the decision itself sufficiently definite to exclude the possibility that the board considered that the work was excessive only in light of decedent's diseased condition, i.e., "for him" (*Matter of Bosted* v. *Larsen Baking Co., supra*, p. 925; *Matter of Cliff* v. *Dover Motors*, 11 A D 2d 883, affd. 9 N Y 2d 891). Remittal is thus required. Decision reversed, with costs to appellants against the Workmen's Compensation Board, and matter remitted for further proceedings not inconsistent herewith. Gibson, P. J., Taylor, Aulisi and Hamm, JJ., concur.