In the Matter of the Claim of REBA HERRING, Respondent, v. SECOND PRESBYTERIAN CHURCH et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and its carrier from a

decision of the Workmen's Compensation Board awarding claimant death benefits on the grounds that there is no substantial evidence to support the board's findings of accident and causal relationship. On December 3, 1963 decedent, a 59-year-old church sexton with a history of hypertensive cardiovascular disease, suffered a massive left cerebral hemorrhage which resulted in his death. The record reveals that on the morning in question decedent took his employer's snow-blower out for the first time that season to remove an accumulation of snow from the walkways surrounding the church, that he was unable to activate it by pulling the starting cord, and that finally after the assistant sexton eventually succeeded in getting the snow-blower started decedent operated it to remove the snow from one side of the church and partially from another when he suddenly collapsed. Appellants first urge that there is no substantial evidence to support the board's findings that decedent's snow removing activities " were strenuous and arduous " within the requirement of *Matter of Masse* v. *Robinson Co.* (301 N. Y. 34). We cannot agree. In our opinion there is substantial medical evidence on which the board could find that the *Masse* test had been met. Furthermore, the *Masse* requirement is not applicable in cases such as the instant one where there is an actual rupture of an artery or other portion of the internal anatomy (*Matter of Reed* v. *Brookhiser,* 8 A D 2d 895; *Matter of Sorace* v. *General Elec. Co.,* 5 A D 2d 711; *Matter of Sawatzki* v. *Friedman,* 4 A D 2d 907, mot. for lv. to app. den. 3 N Y 2d 710; 1 Larson, Workmen's Compensation Law, § 38.72, p. 559). The board was, therefore, not even required to rest its decision upon a finding of arduous work. Appellants also urge that there is no substantial medical evidence to support the board's finding of causal relationship. However, while such evidence leaves much to be desired, we find that it had sufficient probative value to support the board's decision (*Matter of Ernest* v. *Boggs Lake Estates,* 12 N Y 2d 414; *Matter of Palermo* v. *Gallucci & Sons,* 5 N Y 2d 529). Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy and Staley, Jr., JJ., concur; Taylor, J., not voting.