In the Matter of the Claim of JOHN JAMROZ, Respondent, v. REFINED SYRUPS & SUGARS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board which found that claimant had sustained a compensable accident arising out of and in the course of his employment in the nature of a coronary thrombosis resulting from strenuous physical work requiring more than normal exertion during the period between February 1, 1966 to February 10, 1966. The issues of the meeting of the test of *Matter of Masse* v. *Robinson Co.* (301 N. Y. 34) and of causal relationship present here no more than factual questions, and we find no basis on the instant record to disturb the board's determination of those issues (*Matter*

of 'Bombala v. Lark Mfg. Co., 32 A D 2d 593, mot. for lv. to app. den. 25 N Y 2d 737). Appellants would have us reject the board's factual determinations as to accident and causal relation because there were no overt symptoms during working hours and because the expert for claimant did not implicate the exact work of a given day as being the cause. We find no merit in either contention. It is well settled that an accident may be the result of " continuous strenuous physical efforts " which contribute to the ultimate, and subsequent, heart injury (*Matter of Miner* v. *Chrysler Corp.*, 33 A D 2d 523), and that overt symptoms are not a prerequisite to the recovery of benefits (e.g., *Matter of Wynn* v. *Paramount Plumbing Co.*, 33 A D 2d 529; *Matter of Bombala* v. *Lark Mfg. Co., supra*). Moreover, the record reveals that claimant did have symptoms in that he had pulled a 1,700 pound machine which caused him to experience pains in his arms and, shortly before the accident, had a loss of breath so severe as to require him to rest and let his helper finish the work. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Sweeney, JJ., concur in memorandum by Reynolds, J.