Per Curiam.

Defendant’s motion to dismiss the complaint at the close of the evidence should have been granted. Plaintiff’s proof established that the deceased had died as a result of exertion in carrying heavy roofing materials in accordance with his duties as a building superintendent, bringing on a myocardial infarction, as stated by plaintiff’s medical expert, “on top of pre-existing artery disease. ’ ’
*710 Under such circumstances of death resulting from the act of a workman within the scope of his duties in his calling, there can be no recovery of double indemnity benefits (Burr v. Commercial Travelers Acc. Assn., 295 N. Y. 294, 305-306; Allendorf v. Fidelity & Cas. Co., 250 N. Y. 529; Wilcox v. Mutual Life Ins. Co., 265 N. Y. 665; Schechter v. Equitable Life Assur. Soc., 275 App. Div. 958, mot. for lv. to app. den. 300 N. Y. 763).
Plaintiff’s reliance upon the decisions providing a liberalized interpretation of “ accident ” in the context of a workmen’s compensation claim, such as Matter of Masse v. Robinson Co. (301 N. Y. 34) is misplaced. In Matter of Croshier v. Levitt (5 N Y 2d 259, 262-263) it was pointed out that resolution of the meaning of * ‘ accident ’ ’ in the respective areas of accident insurance, workmen’s compensation and retirement system benefits involves somewhat different criteria in each field and that no great reliance may be placed on the insurance cases in answering that question in the other fields, since they involve interpretation of the particular language of the policy.
It is obvious that, while overexertion in the course of daily work bringing on a coronary occlusion or thrombosis where pre-existing pathology may have been a contributing factor is 'compensable under the Workmen’s Compensation Law (see Matter of Masse, supra, p. 37), such a state of facts requires dismissal of a claim for double indemnity under an insurance policy.
The judgment should be reversed, with $30 costs and complaint dismissed, with costs.
Concur — Streit, J. P., Quinn and Gold, JJ.
Judgment reversed, etc.